UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROL VAUGHN, in her representative capacity as Personal Representative of the ESTATE OF MICHAEL COHEN,<br><br>                Plaintiff<br>                Counter Defendant<br>                Third Party Defendant<br>                Cross Defendant,<br><br>   v.<br><br>LOREN COHEN, et al.,<br><br>                Defendants<br>                Counter Plaintiffs<br><br>***<br><br>WILLIAM NEWCOMER,<br><br>                Plaintiff<br>                Counter Defendant,<br><br>   v.<br><br>LOREN COHEN, et al.,<br><br>                Defendants<br>                Counter Plaintiffs<br>                Third Party Plaintiffs,<br><br>   v. | Case No. 3:23-cv-06142-TMC<br><br>ORDER DENYING PC COLLECTIONS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | AMARA COHEN, individually, and SUSAN COHEN, Trustee of the Michael Arthur Cohen Spousal Equivalent Access Trust, CAROL VAUGHN, individually, and in her representative capacity as Personal Representative of the ESTATE OF MICHAEL COHEN, UNITED STATES OF AMERICA (DEPARTMENT OF INTERNAL REVENUE), and BR NEWCOMER, LLC<br><br>                    Third Party Defendants<br>                    Counter Defendants<br>                    Counter Plaintiffs. |

## I.     INTRODUCTION

This action arises from a creditor dispute concerning the probate of the Estate of Michael Cohen. The case was removed to this Court by the United States, who was named as a Third Party Defendant in the state court action. Dkt. 1. Before the Court is Defendant PC Collections, LLC's[1] Motion for Partial Summary Judgment. Dkt. 21. Plaintiffs William Newcomer[2] and Carol Vaughn, in her capacity as Personal Representative of the Estate of Michael Cohen, responded. Dkt. 30, 32. The United States also filed a brief statement in response. Dkt. 36. Having reviewed the briefing and the balance of the record, the Court DENIES the motion.

## II.     BACKGROUND

**A.     Factual History**

On October 9, 2015 and July 20, 2018, the Superior Court of the State of Washington for Pierce County entered judgments against Michael[3] in favor of Newcomer after a jury trial in an

---

[1] PC Collections is also a Third Party Plaintiff and a Counter Claimant in this action.

[2] Newcomer is also a Counter Defendant in this action.

[3] Because multiple parties have the last name "Cohen," the Court refers to Michael and Loren Cohen by their first names.

ORDER DENYING PC COLLECTIONS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

action under the Washington State Securities Act. Dkt. 23-1, 23-3. The initial judgment was for $4,060,987.46, Dkt. 23-1, and a supplemental judgment for attorney's fees and costs on appeal was for $136,006.25, Dkt. 23-3.

On January 14, 2019, amidst ongoing litigation, Newcomer, Michael, PC Collections, and MC Ruston, LLC participated in mediation which culminated in an agreement pursuant to Washington State Court Civil Rule 2A (the "CR 2A Agreement"). Dkt. 23-5. PC Collections agreed to pay Newcomer $5.7 million as a "Judgment Purchase Payment." *Id.* at 5. Newcomer agreed to "sell, transfer, set over, and assign" the October 9, 2015 judgment and the July 20, 2018 judgment to PC Collections, "including all of Newcomer's direct or indirect right, title, and interest arising from or relating to such Judgments or claims that were or could have been brought in" that case, "together with all interest thereon, and all attorneys' fees and costs accruing thereto." *Id.*

Newcomer also agreed that in the event he received any payment of the Purchase Price defined in a February 19, 2016 Purchase and Sale Agreement, he would pay an equal amount to PC Collections. *Id.* Newcomer and MC Ruston agreed to dismiss all claims against each other in pending litigation with Thomsen Ruston, LLC ("*Thomsen* litigation"), and PC Collections, Michael, and MC Ruston agreed jointly to indemnify Newcomer from claims by Jess Thomsen and Thomsen Ruston, LLC in the *Thomsen* litigation. *Id.* at 6. The parties agreed to dismiss proceedings pending before the Washington Court of Appeals. *Id.* at 5. The CR 2A Agreement also provided that the parties would "execute and deliver whatever additional documentation or instruments are necessary to carry out the intent and purposes of this Agreement or to comply with any law, and the Parties will not take any actions that would frustrate the purposes of this Agreement." *Id.*

ORDER DENYING PC COLLECTIONS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

On December 6, 2020, Michael passed away. Shortly before his death, Michael transferred his business assets to one of his sons, Defendant Loren Cohen. *See* Dkt. 11-1 at 82–86. On July 7, 2023, the Estate filed suit against Loren, his marital community, and his family trust in the Superior Court of the State of Washington for Pierce County, alleging that Loren had exercised undue influence over Michael and breached his fiduciary duty to obtain the transferred assets, and the transfer was voidable under the Uniform Voidable Transfer Act. *See* Dkt. 1-4 at 3; *see generally* Dkt. 2-1.

**B.     Procedural History**

On August 25, 2023, Newcomer filed a complaint against Loren and Holland Cohen, PC Collections, and other entities in the Superior Court of the State of Washington for Pierce County. Dkt. 2-2. Newcomer's complaint was consolidated with the Estate's lawsuit before the consolidated action was removed to this Court by the United States. *See* Dkt. 1; Dkt. 1-4 at 4; Dkt. 2-1. In his complaint, Newcomer alleged that shortly before he passed away, Michael transferred "substantially all of [his] assets" to Loren or LMC Family Trust for consideration of a value "not reasonably equivalent to the value of the assets transferred." *Id.* ¶¶ 3.72–.75. Newcomer alleged that the transfer "removed or concealed" Michael's assets from creditors. *Id.* ¶ 3.75.

He also alleged that Loren Cohen formed PC Collections in a "scheme . . . to pay off a judgment for securities fraud entered against Michael Cohen." *Id.* at 3. He alleges that after Michael died, "Loren Cohen filed a Creditor's Claim on behalf of PC Collections, LLC to attempt to jump in front of other legitimate Estate creditors so that if assets of the Estate are recovered, they are paid to an LLC now controlled by Loren Cohen instead of to legitimate Estate creditors." *Id.*

ORDER DENYING PC COLLECTIONS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

Newcomer brought claims for unjust enrichment, intentional misrepresentation, and violation of the Uniform Voidable Transactions Act, RCW 19.40, et seq. *Id.* ¶¶ 4.2–.17. He also sought an accounting and inventory of assets, declaratory relief that "Michael Cohen's estate does not owe PC Collections anything" and "PC Collections' creditor claim is void," and foreclosure on the Bonney Ridge Property. *Id.* ¶¶ 4.18–.26.

PC Collections brought a counterclaim against Newcomer for breach of contract based on the CR 2A Agreement. *See* Dkt. 65 at 11.

### III.   JURISDICTION

The Court has an independent obligation to determine whether it has subject matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Although this case was initially filed in state court, the United States removed it to federal court under 28 U.S.C. 1442(a)(1), the federal officer or agency removal statute, after "United States of America (Department of Internal Revenue)" was named as a Third Party Defendant. Dkt. 1. The United States also brought a crossclaim against the Estate and a counterclaim against Loren. Dkt. 18. Federal district courts have "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade." 28 U.S.C. § 1340; *see also* 26 U.S.C. § 7402. They also have original jurisdiction of all "civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345. The Court has supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(a).

### IV.   DISCUSSION

**A.   Legal Standard**

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which

summary judgment is sought." "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam) (quoting *Anderson*, 477 U.S. at 255). Consequently, "a District Court must resolve any factual issues of controversy in favor of the non-moving party only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (internal quotations omitted).

Where the moving party seeks summary judgment on an issue for which it bears the burden of proof at trial, it must establish that any reasonable jury would find in its favor on that issue based upon the evidence presented. *Puget Sound Elec. Workers Health & Welfare Tr. v. Lighthouse Elec. Grp.*, No. C12-276 RAJ, 2013 WL 5652502, at *2 (W.D. Wash. Oct. 15, 2013) ("Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.").

**B.     PC Collections' motion does not comply with Rule 56(a).**

PC Collections seeks summary judgment rulings on the validity and status of each of six Pierce County Superior Court orders, arguing that under the Full Faith and Credit Act, federal

courts must give state court judgments the same full faith and credit as those judgments would have in their respective state courts. Dkt. 21 at 8, 13 (citing *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996)). It contends that the Court thus must apply the state's res judicata and collateral estoppel principles. *Id.* at 14. It argues that PC Collections is entitled to summary judgment that (1) under res judicata, the state court judgments "are valid, enforceable, unsatisfied, subject to execution, and operate as a lien on real property of the Estate," *id.* at 15, (2) under collateral estoppel, "PC Collections is entitled to a ruling as a matter of law that the [April 12, 2019] Assignment is valid and not subject to collateral attack in this proceeding," *id.* at 18, (3) "the Charging Order is valid, enforceable, still in full force and effect, and is in place for the benefit of PC Collections," and it "operates as a lien on the distributable interest and may be completely foreclosed by PC Collections at any time by motion," *id.* at 19, and (4) the Sheriff's Return on Writ of Execution and the Order Granting Motion to Confirm Sheriff's Foreclosure Sale of Real Property are "final and entitled to full faith and credit," *id.*

As the Estate argues in its response brief, Dkt. 32 at 10, under Federal Rule of Civil Procedure 56(a), a party must "identify each claim or defense — or the part of each claim or defense — on which summary judgment is sought." PC Collections fails to do this in its motion. *See* Dkt. 21. Instead, it seeks rulings on isolated legal questions, and argues that those rulings should bind "all parties to this case," *see* Dkt. 21 at 2, without explaining how those rulings would impact the claims and defenses that have been pled. This failure is not a mere technicality—it prevents the Court from meaningfully considering whether there are material facts in dispute, an analysis the Court can only undertake after identifying what are the "essential elements" of the claims and which party has the burden of proof. *See Celotex*, 477 U.S. at 322–23. And it creates the same problem for the nonmoving parties who seek to oppose the motion.

PC Collections replies to the Estate's argument that its motion fails to comply with Rule 56(a) by stating that it is "seeking partial judgment on claims raised by Newcomer in this case [as] well as a ruling on legal issue[s] that are potentially dispositive of valuation issue[s] on claims brought by Vaughn in this case." Dkt. 37 at 14. But that ambiguous statement fails to clarify on which claims or defenses PC Collections seeks summary judgment and does not allow the Court to apply the summary judgment framework to determine whether material facts are in dispute for any essential elements of those claims or defenses. The Court thus DENIES PC Collections' motion seeking rulings in the abstract on the validity of orders issued by the Pierce County Superior Court.

### C.  PC Collections has not shown that Newcomer breached the CR 2A Agreement as a matter of law.

PC Collections also argues that Newcomer breached the CR 2A Agreement by filing his claims in this lawsuit. Dkt. 21 at 19–21. This part of the motion does satisfy Rule 56(a), as it seeks summary judgment on one of PC Collections' claims (breach of contract) against Newcomer. *See* Dkt. 65 at 11. But the motion fails on its merits.

PC Collections contends that "[t]he CR 2A Agreement expressly prohibits Newcomer from taking any actions 'that would frustrate the purpose of this Agreement'" and asserts that "one obvious purpose" was to grant "PC Collections the right to step into Newcomer's shoes as a priority judgment creditor." Dkt. 21 at 20–21. PC Collections contends that by filing his complaint in this case, Newcomer has breached the agreement "as a matter of law" by "seeking to frustrate the CR 2A Agreement's purpose." *Id.* at 21.

In support of this argument, PC Collections cites broad principles of Washington law on contract interpretation, but it does not cite any authority to support its specific argument—that filing a lawsuit challenging the legality of a party's conduct necessarily "frustrates the purpose"

ORDER DENYING PC COLLECTIONS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 8

of an underlying contract between the parties. PC Collections' arguments are conclusory and fail to show why the Court should interpret the CR 2A Agreement's frustration of purpose clause to prohibit a party from accessing the courts to resolve a dispute. PC Collections cites no authority for the proposition that suing another for allegedly acting unlawfully with respect to a lawful contract "frustrates the purpose" of that contract if the suit could void the contract or disrupt its purpose. PC Collections bears the burden of proof on its breach of contract claim, and it has not shown evidence from which the Court may conclude that any reasonable jury would find in its favor or that it is entitled to judgment as a matter of law. *See Puget Sound Elec. Workers*, 2013 WL 5652502, at *2. The Court DENIES PC Collections' motion as to the CR 2A agreement.

**D.      Attorney's Fees**

The Estate seeks attorney's fees under RCW 11.96A.150. Dkt. 32 at 18. Under the Revised Code of Washington chapter on trust and estate dispute resolution, "[e]ither the superior court or any court on appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party" from another party to the proceedings, the estate or trust, or "any nonprobate asset that is the subject of the proceedings." RCW 11.96A.150(1). The court may order payment "in such amount and in such manner as the court determines to be equitable," and "may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved." *Id.* RCW 11.96A.150(2) provides that "[t]his section applies to all proceedings governed by this title, including but not limited to proceedings involving trust, decedent's estates and properties, and guardianship matters."

The parties dispute the applicability of RCW 11.96A.150 in federal court. *See* Dkt. 32 at 18; Dkt. 37 at 17. Assuming without deciding that it applies, the Estate has not sufficiently shown that attorney's fees are warranted simply for a successful opposition to a dispositive

ORDER DENYING PC COLLECTIONS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 9

motion. And it is too early in the proceedings to determine if the litigation benefits the Estate. The Court thus denies the Estate's request for attorney's fees without prejudice.

## V.  CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- The Court DENIES PC Collections' motion for summary judgment (Dkt. 21).
- The Court DENIES the Estate's request for attorney's fees (Dkt. 32 at 18).

Dated this 25th day of September, 2024.

Tiffany M. Cartwright
United States District Judge