1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAROL VAUGHN, in her representative capacity as Personal Representative of the ESTATE OF MICHAEL COHEN,

    Plaintiff
    Counter Defendant
    Third Party Defendant
    Cross Defendant,

  v.

LOREN COHEN, et al.,

    Defendants
    Counter Plaintiffs

Case No. 3:23-cv-06142-TMC

ORDER DENYING LOREN COHEN'S MOTION FOR PARTIAL SUMMARY JUDGMENT

***

WILLIAM NEWCOMER,

    Plaintiff
    Counter Defendant,

  v.

LOREN COHEN, et al.,

    Defendants
    Counter Plaintiffs
    Third Party Plaintiffs,

  v.

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | AMARA COHEN, individually, and SUSAN COHEN, Trustee of the Michael Arthur Cohen Spousal Equivalent Access Trust, CAROL VAUGHN, individually, and in her representative capacity as Personal Representative of the ESTATE OF MICHAEL COHEN, UNITED STATES OF AMERICA (DEPARTMENT OF INTERNAL REVENUE), and BR NEWCOMER, LLC<br><br>                    Third Party Defendants<br>                    Counter Defendants<br>                    Counter Plaintiffs. |

## I.  INTRODUCTION

This action arises from a creditor dispute concerning the probate of the Estate of Michael Cohen. The case was removed to this Court by the United States after it was named as a Third Party Defendant in the state court action. Dkt. 1. Before the Court is Defendant Loren Cohen's Motion for Partial Summary Judgment (Dkt. 46) regarding Plaintiff William Newcomer's Uniform Voidable Transactions Act claim (Dkt. 2-2). Having reviewed the briefing (Dkt. 46, 52, 53, 55, 58) and the balance of the record, the Court DENIES the motion.

## II.  BACKGROUND

The following facts are based on the evidence in the record, viewed in the light most favorable to the nonmoving parties, as well as allegations in the pleadings that are undisputed.

On June 1, 2014, Michael[1] transferred 50.1 percent of his interest in M&J Real Estate Investment, LLC and its affiliated entities to Loren's trust, LMC Trust. *See* Dkt. 47-1 at 6. The 2014 transfer agreement valued that interest at $11,310,000. *See id.* at 7.

---

[1] Because multiple parties have the last name "Cohen," the Court refers to Michael and Loren Cohen by their first names.

ORDER DENYING LOREN COHEN'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

From 2005 to 2009, Newcomer had purchased securities in the form of interest in Apex Apartments, one of Michael's real estate development projects in Tacoma, Washington. Dkt. 2-2 ¶ 3.1. In September 2015, a jury in the Superior Court of the State of Washington for Pierce County found that Michael made material misrepresentations or omissions in connection with those securities transactions in violation of the Washington State Securities Act, RCW 21.20 *et seq*. Dkt. 2-2 ¶¶ 3.1, 3.4–.5, 3.15. On October 9, 2015, the Pierce County Superior Court entered a judgment against Michael in favor of Newcomer for $4,060,987.46, with interest accruing at 12 percent per annum. Dkt. 23-1. Michael appealed, but the Washington Court of Appeals affirmed the verdict and the Washington Supreme Court denied Michael's petition for review. Dkt. 2-2 ¶¶ 3.17–.20. Each appellate court awarded Newcomer attorney's fees and costs, *id.* ¶¶ 3.18–.21, and on July 20, 2018, the Pierce County Superior Court entered another judgment in favor of Newcomer for $136,006.25 in attorney's fees and costs, Dkt. 23-3.

In October 2018, Newcomer obtained a charging order for the full 2015 judgment against Michael individually and the marital community of Michael and Julie Cohen. Dkt. 23-4 at 3. The charging order provided that "the transferrable interest of [Michael and his marital community] as a member of [3M&C Developing, LLC, M&J Real Estate Investment, LLC, and PR Phase I, LLC] be subjected to an encumbrance and charging order in favor of and for the benefit of Plaintiff William Newcomer." *Id.*

On January 14, 2019, amidst ongoing litigation, Newcomer, Michael, PC Collections, and MC Ruston, LLC participated in mediation which culminated in an agreement pursuant to Washington State Court Civil Rule 2A (the "CR 2A Agreement"). Dkt. 23-5. PC Collections agreed to pay Newcomer $5.7 million as a "Judgment Purchase Payment." *Id.* at 5. Newcomer agreed to "sell, transfer, set over, and assign" the October 9, 2015 judgment and the July 20, 2018 judgment to PC Collections, "including all of Newcomer's direct or indirect right, title, and

ORDER DENYING LOREN COHEN'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

interest arising from or relating to such Judgments or claims that were or could have been brought in" that case, "together with all interest thereon, and all attorneys' fees and costs accruing thereto." *Id.*

Newcomer also agreed that in the event he received any payment of the Purchase Price defined in a February 19, 2016 Purchase and Sale Agreement, he would pay an equal amount to PC Collections. *Id.* Newcomer and MC Ruston agreed to dismiss all claims against each other in pending litigation with Thomsen Ruston, LLC ("*Thomsen* litigation"), and PC Collections, Michael, and MC Ruston agreed jointly to indemnify Newcomer from claims by Jess Thomsen and Thomsen Ruston, LLC in the *Thomsen* litigation. *Id.* at 6. The parties agreed to dismiss proceedings pending before the Washington Court of Appeals. *Id.* at 5. The CR 2A Agreement also provided that the parties would "execute and deliver whatever additional documentation or instruments are necessary to carry out the intent and purposes of this Agreement or to comply with any law, and the Parties will not take any actions that would frustrate the purposes of this Agreement." *Id.*

Loren formed PC Collections on January 16, 2019, two days after signing the CR 2A Agreement. Dkt. 54-2. He named himself as governor. *See id.* at 3.

On December 6, 2020, Michael passed away. Shortly before his death, he transferred his remaining 49.9 percent interest in M&J Real Estate Investment to Loren and his 100 percent interest in the "Additional Affiliated Entities"[2] to M&J Real Estate Investment (referred to throughout this litigation as the "2020 Transaction"). *See* Dkt. 47-1 at 7. The transfer agreement also reduced the remaining amount owed on the 2014 transaction to $1,257,170.67, to be paid

---

[2] The "Additional Affiliated Entities" include BR Real Estate Investment, LLC, C&M Construction Management, LLC, MC Construction Consultants, Inc., and MC Real Estate Consultants, LLC. Dkt. 47-1 at 6.

ORDER DENYING LOREN COHEN'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

"as quickly as possible" but in payments of at least $160,000 annually. *Id.* at 8. The agreement assigned that remaining amount due to the Michael A. Cohen Spousal Equivalent Trust (the "MAC Trust"). *Id.* at 9, 12. In consideration, the parties agreed that Michael "shall continue to receive compensation and benefits for the remainder of his life," *id.* at 9, and M&J Real Estate Investment, its affiliated entities, and the Additional Affiliated Entities would indemnify the MAC Trust "from any and all claims or liabilities arising from any business disputes related to" those entities. *Id.*

On August 25, 2023, Newcomer filed a complaint in the Superior Court of the State of Washington for Pierce County against Loren, his wife Holland Cohen, their marital community, Loren in his capacity as Trustee of the LMC Family Trust, BR Real Estate Investment, LLC, Two Bonney Ridge, LLC, and PC Collections, LLC. Newcomer claims, among other things, that the 2020 Transaction violated the Uniform Voidable Transactions Act (UVTA), RCW 19.40 *et seq*. Dkt. 2-2 ¶¶ 4.2–.4. Newcomer's action was consolidated with another action against Loren by the Estate, and after Loren named the United States as a Third Party Defendant, the United States removed the consolidated cases to this Court. Dkt. 1, 1-3, 2-1. Loren seeks summary judgment dismissal of Newcomer's UVTA claims. Dkt. 46.

### III.   JURISDICTION

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Although this case was initially filed in state court, the United States removed it to federal court under 28 U.S.C. 1442(a)(1), the federal officer or agency removal statute, after "United States of America (Department of Internal Revenue)" was named as a third-party defendant. Dkt. 1. The United States also brought a crossclaim against the Estate and a counterclaim against Loren. Dkt. 18. Federal district courts have "original jurisdiction of any civil action arising under any Act of

Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade." 28 U.S.C. § 1340; *see also* 26 U.S.C. § 7402. They also have original jurisdiction of all "civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345. The Court has supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(a).

### IV.   DISCUSSION

**A.   Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam) (quoting *Anderson*, 477 U.S. at 255). Consequently, "a District Court must resolve any factual issues of controversy in favor of the non-moving party only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (internal quotation marks omitted). The material cited to support or dispute a fact must be capable of presentation "in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2); *see Sandoval v. County of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021) ("[A]t the summary judgment stage, we do not focus on the

admissibility of the evidence's form. We instead focus on the admissibility of its contents." (quotation marks and citation omitted)).

**B.    A dispute of material fact exists as to whether the transferred asset was encumbered by a valid lien.**

Loren argues that the Court should grant summary judgment as to Newcomer's UVTA claim because the transferred asset was encumbered by a valid lien. Under the UVTA, the definition of "asset" excludes "[p]roperty to the extent it is encumbered by a valid lien." RCW 19.40.011(2)(a). The UVTA defines "lien" as "a charge against or an interest in property to secure payment of a debt or performance of an obligation, and includes a security interest created by agreement, a judicial lien obtained by legal or equitable process or proceedings, a common-law lien, or a statutory lien." RCW 19.40.011(9). A "valid lien" is "a lien that is effective against the holder of a judicial lien subsequently obtained by legal or equitable process or proceedings." RCW 19.40.011(18). "[I]f the debtor transfers assets encumbered by security interests, that transfer is beyond the reach of the statute." *BGH Holdings LLC v. D.L. Evans Bank*, No. C18-1408RSL, 2023 WL 3224479, at *14 (W.D. Wash. May 3, 2023) (quoting *Eagle Pac. Ins. Co. v. Christensen Motor Yacht Corp.*, 135 Wn. 2d 894, 912, 959 P.2d 1052 (1998)).

Loren argues he is entitled to summary judgment on Newcomer's UVTA claims because Michael's assets in the 2020 Transaction were encumbered by the charging order obtained by Newcomer in 2018 and transferred to PC Collections in 2019. Dkt. 46 at 10–12. Loren contends that the charging order is a valid lien and thus that the 49.9 percent interest in M&J Real Estate Investment he received in 2020 is not an "asset" under the UVTA. *Id.*

Newcomer responds that the charging order is not a valid lien because it is held by PC Collections, which is Loren's company, and Loren's "decision to purchase a judgment against himself does not create a 'valid lien'; it simply settles the judgment." Dkt. 53 at 7. He further

ORDER DENYING LOREN COHEN'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 7

contends that even if the charging order is a valid lien, the asset is not fully encumbered because the value of the lien is less than half that of the asset. *Id.* at 9–10. The Estate, whose UVTA claims would be impacted by a holding that the assets transferred in the 2020 Transaction were encumbered, *see* Dkt. 55 at 1, has also responded in opposition, arguing that "the value of the Decedent's property interests that Loren Cohen received exceeded the claimed lien." *Id.* The United States, while maintaining that its claims are not impacted by a ruling on Loren's motion, also opposed it, contending that "[e]ven a cursory review of the case filings and evidence show that the factual predicates for [Loren's] theory remain in dispute," as "the value of the real estate company interest" and "whether the lien actually encumbers" it "are at the center of the parties' disputes." Dkt. 52 at 2.

Even assuming without deciding that the charging order is a valid lien (a decision the Court concludes is premature at this stage of the litigation), the nonmoving parties have pointed to evidence that creates a genuine dispute of material fact as to whether the asset at issue was fully encumbered. The charging order for the 2015 judgment for $4,060,987.46 was worth roughly $6.5 million including interest at the time of the allegedly fraudulent transfer.[3] *See* Dkt. 23-4. The 2014 agreement in which Michael transferred 50.1 percent of his business interests to Loren valued M&J Real Estate Investment at $22,620,000, and specified that the 50.1 percent transferred interest was valued at $11,310,000. Dkt. 2-1 at 36. In a December 2015 sworn declaration, Michael stated that "[t]he assets I hold through affiliated companies are not

---

[3] Newcomer calculates the figure based on PC Collections' $5.7 million payment in exchange for Newcomer's rights to the 2015 and 2018 judgments. Dkt. 53 at 10. But Loren argues that a *charging order* encumbered Michael's 49.9 percent interest in M&J Real Estate Investment. *See* Dkt. 46 at 10–12. And the only charging order he submitted references only the 2015 judgment and not the 2018 judgment. *See* Dkt. 23-4. The Court accordingly calculates the figure based on the charging order, but notes that difference is not material to the Court's analysis.

ORDER DENYING LOREN COHEN'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 8

liquid, but have a fair market value in excess of $20,000,000." Dkt. 56-1 at 7. In a December 2019 document entitled "Michael A. Cohen Statement of Personal Net Worth"—contained in the file produced to the Estate by Michael's accountant (*see* Dkt. 33 at 3)—Michael estimated his personal net worth at $25,687,671 and the value of his 49.9 percent interest in M&J Real Estate Investment at $8,775,564. Dkt. 33-12. Kyle Johnson, Michael Cohen's attorney, testified in his deposition that in reaching the 2020 Transaction agreement, he thinks Michael or Loren "picked a number, they agreed on a number. That's all I know. There was no formal appraisal. I don't know if they talked to a CPA or not." Dkt. 33-11 at 10. He clarified that "I don't think there was any objective basis that I knew of, by the sense of some formal appraisal or some outside person . . . ." *Id.* at 11.

This is sufficient evidence from which a reasonable factfinder could conclude that the value of the transferred asset exceeded that of the lien. In his reply brief, Loren argues that the 2014 and 2015 estimates are too remote in time and do not sufficiently account for Michael's debts. *See* Dkt. 58 at 9–11. But these arguments go to the persuasive value of the evidence for the factfinder, not whether it is sufficient to create a genuine factual dispute. Loren also argues that Johnson's testimony that Michael and Loren just "picked a number" is too speculative to create a genuine factual dispute, *id.* at 10, but he fails to address Johnson's non-speculative and relevant testimony that "[t]here was no formal appraisal" of the assets in the 2020 Transaction.

Finally, Loren argues that the Court should not consider the "Statement of Personal Net Worth"—produced by Michael's accountant and created less than a year before his death—because it is unauthenticated and contains hearsay. *Id.* at 9. In support of this argument, Loren cites to outdated Ninth Circuit precedent applying an earlier version of Rule 56 that has since been amended. *See id.* (citing *Orr v. Bank of Am.*, 285 F.3d 764, 774 (9th Cir. 2002) (applying pre-2010 amendment version of Rule 56)). In contrast, the Ninth Circuit's more recent guidance

ORDER DENYING LOREN COHEN'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 9

on the current rule emphasizes that "at the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents," and "if the contents of a document can be presented in a form that would be admissible . . . the mere fact that the document itself might be excludable hearsay provides no basis for refusing to consider it on summary judgment." *Sandoval*, 985 F.3d at 666; *see also City of Lincoln v. County of Placer*, 668 F. Supp. 3d 1079, 1087 (E.D. Cal. 2023) (explaining that objections based on hearsay, foundation, and authenticity are often overruled at summary judgment if "the substance could conceivably be made admissible at trial").

The Personal Net Worth statement might itself be capable of authentication and admission as a business record through the testimony of Michael's accountant. *See* Fed. R. Evid. 803(5), 901(b)(1), (2). But even if the document itself is not admitted, its contents may also be admissible through the accountant's testimony. This is sufficient for the nonmoving parties to rely on the document to show a genuine dispute of fact at summary judgment, *see* Fed. R. Civ. P. 56(c)(1)(A), (c)(2), and a reasonable factfinder could conclude that the assets transferred in the 2020 Transaction were not fully encumbered by a valid lien.

C.  **Newcomer's UVTA claim is not time-barred.**

Loren contends that Newcomer was required to include Michael and the Estate as parties to his UVTA claim, and that the claim against them is time-barred because he did not timely file it in the underlying probate. Dkt. 46 at 12–14. But the Court has already determined that the transferor in an allegedly fraudulent transaction need not be a defendant in a UVTA action. *See* Dkt. 72. And because Newcomer has not filed a claim against Michael, the decedent, the two-year time limit on "making a claim or commencing an action *against the decedent*" does not apply. *See* RCW 11.40.051 (emphasis added). The Court thus rejects Loren's argument that Newcomer's UVTA claim is time-barred.

ORDER DENYING LOREN COHEN'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 10

## V. CONCLUSION

For the foregoing reasons, the Court DENIES Loren's motion for partial summary judgment (Dkt. 46).

Dated this 25th day of September, 2024.

Tiffany M. Cartwright
United States District Judge