UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROL S VAUGHN, et al., | Case No. 3:23-cv-06142-TMC |
| Plaintiff, | ORDER ON MOTION FOR EXTENSION OF TIME |
| v. | |
| LOREN COHEN, et al., | |
| Defendant. | |

## I.  ORDER

Before the Court is Carol Vaughn's motion for a 60-day extension of the expert disclosure and discovery deadlines in this complex, multi-party dispute arising from the Estate of Michael Cohen. Dkt. 68. Ms. Vaughn, the personal representative of the Estate, brings this motion as a defendant to counterclaims and crossclaims asserted against her by Loren Cohen, one of Michael's adult sons.[1] *See id.* at 1–2. William Newcomer joins Vaughn's motion, and Loren opposes it. Dkt. 71, 75. No other party has filed a response. For the reasons explained below, the Court GRANTS the motion in part and DENIES it in part.

---

[1] As with its prior orders in this case, to avoid confusion, the Court refers to members of the Cohen family by their first names.

ORDER ON MOTION FOR EXTENSION OF TIME - 1

Vaughn moved for this extension on September 17, 2024, before the September 23 deadline for expert disclosures. See Dkt. 16, 68. When a request for an extension of time is made before the original deadline expires, the Court may extend the time for good cause. Fed. R. Civ. P. 6(b)(1)(A). A case schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under this district's Local Civil Rules, "[m]ere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." Local Civ. R. 16(b)(6). The good cause standard is a "non-rigorous standard" that should "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal quotation marks and citations omitted).

Vaughn argues that good cause exists to extend the deadlines because Loren filed amended counterclaims and crossclaims against her in July and August 2024, new counsel appeared to defend Vaughn on the counterclaims and crossclaims on September 17, 2024 (Dkt. 67), and counsel filed this motion the same day, based on their determination that they needed to obtain an additional expert witness who would not be able to complete a report by the September 23 deadline. Dkt. 68 at 2–3. Loren argues in opposition that Vaughn has not shown diligence in seeking fact and expert discovery, that the rebuttal expert deadline is sufficient for Vaughn's new expert witness, and that a continuance would be prejudicial to Loren because he has complied with the deadlines. Dkt. 75 at 10–13.

The cases Loren cites to argue that Vaughn has shown a lack of diligence are not comparable. In *Brinkley v. Barnhart*, the party moving for an extension of time was seeking to reset expired deadlines shortly before trial. No. C22-0219-KKE, 2024 WL 4028341 (W.D. Wash. Sept. 3, 2024). In *Sanchez v. Stryker Corp.*, the moving party had waited to begin any discovery until less than three months before the discovery cutoff. No. 2:10-cv-8832-ODW,

ORDER ON MOTION FOR EXTENSION OF TIME - 2

2012 WL 13006186, at *5 (C.D. Cal. Mar. 28, 2012). And in *Greenpoint Technologies v. Hartford*, the moving party did not explain why a late-scheduled deposition necessitated an extension of the dispositive motion deadline. No. C09-1323 MJP, 2010 WL 11691856, at *1 (W.D. Wash. July 16, 2010). Loren's arguments that he will be prejudiced are not persuasive.

The Court finds that Vaughn has shown good cause for a limited continuance of the expert disclosure and discovery deadlines. But her proposed extensions are unreasonable because they would leave fewer than 60 days between the dispositive motion deadline and the trial date, allowing the Court fewer than 30 days after briefing was complete to consider dispositive motions in this complex, multi-party case. *See* Dkt. 68 at 4. As Loren points out, the undersigned judge typically requires 120 days between the dispositive motion deadline and the trial date. *See* Dkt. 75 at 12–13. Instead, the Court will extend the deadline for expert and rebuttal disclosures by 30 days, extend the discovery deadline by 21 days, and leave all remaining deadlines in place.

## II.   CONCLUSION

For the reasons explained above, the Court ORDERS:

- The deadline for expert witness disclosures is extended to October 23, 2024;
- The deadline for rebuttal expert witness disclosures is extended to November 22, 2024;
- The deadline for discovery motions is extended to November 22, 2024;
- The discovery cutoff is extended to December 13, 2024.

All other deadlines, including the deadline for dispositive motions, remain as set in the scheduling order issued on March 22, 2024 (Dkt. 16). Should the parties instead prefer a trial continuance, they should meet and confer and submit a stipulated motion proposing alternative trial dates. The Court expects the parties to work cooperatively to schedule their remaining depositions within the time allowed. As with all discovery conflicts, should any party encounter

ORDER ON MOTION FOR EXTENSION OF TIME - 3

difficulty scheduling needed depositions, they must use the undersigned judge's procedure for expedited resolution of discovery disputes, outlined in the chambers procedures available on the Court's website.

Dated this 1st day of October, 2024.

Tiffany M. Cartwright
United States District Judge