UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROL S VAUGHN, et al., <br><br> Plaintiff, <br><br> v. <br><br> LOREN COHEN, et al., <br><br> Defendant. | Case No. 3:23-cv-06142-TMC <br><br> ORDER APPOINTING SETTLEMENT JUDGE |

The Court has determined that it is appropriate to facilitate possible settlement in this case via the involvement of a judicial settlement officer. It is therefore ORDERED that:

1. United States Bankruptcy Judge Mary Jo Heston (the "Settlement Judge") is appointed as a settlement judge to assist in resolving disputes between parties Carol Vaughn, Loren Cohen, Susan Cohen, Amara Cohen, Holland Cohen, William Newcomer, BR Newcomer LLC, BR Real Estate Investment LLC, LMC Family Trust, PC Collections LLC, Two Bonney Ridge LLC, and the United States Department of Internal Revenue, arising from or related to the parties' complaints, counterclaims and crossclaims and answers to such pleadings filed in the above referenced consolidated and removed case.

ORDER APPOINTING SETTLEMENT JUDGE - 1

2.       Each party identified above is authorized to take all steps necessary or appropriate to participate in scheduling and settlement conferences with the Settlement Judge.

3.       The parties should confer regarding the date and time of a status conference before the Settlement Judge and are directed to contact Alice Timken at alice_timken@wawb.uscourts.gov for scheduling purposes and to address any other details related to the settlement conference. Once scheduled, the Settlement Judge may issue a separate document establishing procedures regarding one or more settlement conferences and will schedule pre-mediation conferences with counsel prior to any scheduled mediation.

4.       Unless ordered by this Court upon request of the parties, the appointment of the Settlement Judge and related processes do not delay or stay any otherwise applicable discovery deadlines, pretrial hearing dates, briefing schedules, or trial schedules.

5.       The Settlement Judge is being appointed because of her judicial position as, and to act in the specific capacity as, a United States Bankruptcy Judge. By serving as a settlement judge, the Settlement Judge performs judicial duties. See, e.g., Fed. R. Civ. P. 16(a)(5), (c)(2)(I); LCR 39.1(e); Code of Conduct for United States Judges, Canon 3(A)(4)(d). As such, the Settlement Judge and all court employees assisting the Settlement Judge will have full, unqualified judicial immunity, as well as all other privileges, immunities, and protections of a United States Bankruptcy Judge and judiciary employees, regarding any matters arising from or related to the Settlement Judge's role as settlement judge.

6.       All parties participating in the settlement process will automatically (i) waive and be unable to assert any claims or causes of action against the Settlement Judge or any court employees assisting with the settlement process that arise from or relate to the settlement process and (ii) waive and be unable to seek to compel from the Settlement Judge or from any court employees assisting with the settlement process any oral or written testimony, document

ORDER APPOINTING SETTLEMENT JUDGE - 2

production (including, without limitation, regarding any records, reports, summaries, notes, communications, or other documents received or made by the Settlement Judge or any court employees while serving in such capacity), or other participation whatsoever in any litigation, judicial, arbitral, or other proceeding of any kind. The Settlement Judge may, in the Settlement Judge's sole discretion, require that the parties sign an agreement memorializing these understandings as a precondition to serving as a settlement judge.

7. All documents and statements by the parties, attorneys, the Settlement Judge, any court employees, or other participants that are presented or made during the settlement process will in all respects be privileged, not reported, recorded, placed into evidence, made known to the court, or construed for any purpose as an admission. No party is bound by any statement made or act taken during the settlement process unless a settlement is reached, in which event the settlement terms must be reduced to writing or recited and agreed on the record.

8. The Court retains exclusive jurisdiction and power regarding all matters arising from or related to (i) this order and (ii) the Settlement Judge's role as settlement judge.

9. The Clerk is directed to send a copy of this order to United States Bankruptcy Judge Mary Jo Heston.

Dated this 11th day of October, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER APPOINTING SETTLEMENT JUDGE - 3