UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROL VAUGHN, in her representative capacity as Personal Representative of the ESTATE OF MICHAEL COHEN,<br><br>    Plaintiff<br>    Counter Defendant<br>    Third Party Defendant<br>    Cross Defendant,<br><br>    v.<br><br>LOREN COHEN, et al.,<br><br>    Defendants<br>    Counter Plaintiffs | Case No. 3:23-cv-06142-TMC<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT LOREN COHEN'S MOTION TO STRIKE |

***

WILLIAM NEWCOMER,

    Plaintiff
    Counter Defendant,

    v.

LOREN COHEN, et al.,

    Defendants
    Counter Plaintiffs
    Third Party Plaintiffs,

    v.

AMARA COHEN, individually, and SUSAN COHEN, Trustee of the Michael Arthur Cohen Spousal Equivalent Access Trust, CAROL VAUGHN, individually, and in her representative capacity as Personal Representative of the ESTATE OF MICHAEL COHEN, UNITED STATES OF AMERICA (DEPARTMENT OF INTERNAL REVENUE), and BR NEWCOMER, LLC

                Third Party Defendants
                Counter Defendants
                Counter Plaintiffs.

## I. INTRODUCTION

This action arises from a creditor dispute over the probate of the Estate of Michael Cohen. This case was removed to this Court by the United States after it was named as a Third Party Defendant in the state court action (Dkt. 1). Before the Court is Defendant Loren Cohen's Motion to Strike the Estate's Second Amended Complaint (Dkt. 85). Plaintiff Carol Vaughn, in her capacity as Personal Representative of the Estate of Michael Cohen, responded (Dkt. 95). Having reviewed the briefing (Dkt. 85, 95, 97) and the balance of the record, the Court GRANTS in part and DENIES in part the motion.

## II. BACKGROUND

The Court incorporates by reference the factual background of this case as recited in its order on Loren's[1] previous motion for partial judgment on the pleadings. *See* Dkt. 73.

On July 7, 2023, the Estate filed suit against Loren, his marital community, and his family trust in the Superior Court of the State of Washington for Pierce County. Dkt. 1-4. The Estate filed an amended complaint on October 18, 2023, Dkt. 2-1, and the action was later

---

[1] Because multiple parties have the last name "Cohen," the Court refers to Michael and Loren Cohen by their first names.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT LOREN COHEN'S MOTION TO STRIKE - 2

removed to this Court by Third Party Defendant the United States, Dkt. 1. The Estate claimed in its amended complaint that the 2020 Transaction resulted from undue influence and violated the Uniform Voidable Transactions Act (UVTA), RCW 19.40 *et seq.* Dkt. 2-1.

Loren moved for partial judgment on the pleadings on May 9, 2024. Dkt. 35. The Court granted the motion for the Estate's claim of actual fraud under the UVTA and undue influence. Dkt. 73 at 10–11, 13–14. Those claims were dismissed without prejudice and the Court granted the Estate leave to amend to correct the deficiencies. *Id.* at 14. The Court denied the motion as to the Estate's claim of constructive fraud under the UVTA. *Id.* at 11–13.

In response to the Court's order, the Estate filed a Second Amended Complaint (SAC) on October 9, 2024. Dkt. 80. Loren moved to strike the SAC. Dkt. 85. The Estate responded, Dkt. 95, and Loren replied, Dkt. 97.

### III.  DISCUSSION

**A.  Legal Standard**

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" sua sponte or on motion by a party. Fed. R. Civ. P. 12(f). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd* on other grounds, 510 U.S. 517 (1994)). Rule 15(a) requires that when the deadline for an amendment as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a).

B. **Loren's Motion to Strike**

1. *The Estate's claims of unjust enrichment and recovery under RCW 11.48.060 as well as amendments to its breach of fiduciary duty claim exceed the scope of its leave to amend.*

In its prior order, the Court dismissed the Estate's undue influence claim because the damages remedy sought was unavailable as a matter of law. Dkt. 73 at 14. The Court granted leave to amend, however, "[s]hould the Estate seek to . . . alter the remedy it seeks for undue influence." *Id.* The Estate then filed the SAC and asserted that "[t]he Estate is not seeking rescission for undue influence" and instead was "alleging undue influence as a basis for claiming breach of fiduciary duty, unjust enrichment, and recovery under RCW 11.48.0602—all claims that had previously been pleaded in the original pleading." Dkt. 80 at 35, 38, 39; Dkt. 95 at 6. Loren argues that "the Estate's 2AC [] goes well beyond the limited leave that the Court granted the Estate" because "without permission, it amended its cause of action for breach of fiduciary duty and added causes of action for unjust enrichment and recovery under RCW 11.48.060." Dkt. 85 at 6, 8.

In *Lizza v. Deutsche Bank Nat'l Tr. Co.*, the Ninth Circuit affirmed the district court's order striking the plaintiffs' second amended complaint "for exceeding the scope of amendment permitted in the court's first dismissal order." 714 F. App'x 620, 622 (9th Cir. 2017). The Ninth Circuit explained, "[f]airly read, the district court's order allowed the Lizza Plaintiffs to make more specific the UDAP claims they asserted in their First Amended Complaint in compliance with Federal Rule of Civil Procedure 9(b), not to assert a wholly new theory of liability." *Id.* "Rather than following the court's order to make their claims more specific, the Lizza Plaintiffs opted to violate that order and assert a new theory of liability." *Id.* at 623.

Similarly, courts in this district have stricken claims that exceed the scope of an order allowing leave to amend. *See Expeditors Int'l of Washington, Inc. v. Santillana*, No. 2:20-CV-

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT LOREN COHEN'S MOTION TO STRIKE - 4

00349-LK, 2023 WL 8449165, at *3 (W.D. Wash. Dec. 6, 2023) ("Expeditors Washington's opportunity to amend its declaratory judgment claim was not an invitation to trot out new legal theories based on the same well-worn factual allegations."); *Murray v. Ethicon, Inc.*, No. C20-1059 BHS, 2021 WL 22582, at *1 (W.D. Wash. Jan. 4, 2021) ("It is true that the Court granted Murray leave to amend, but the Court clearly stated that Murray could amend her complaint to reconcile the differences between the short form complaint and Washington law in bringing her failure to warn and design defect claims under the Washington Products Liability Act. The additional claims of negligence, failure to warn, and fraud were improperly brought[.]").

In contrast, district courts have denied motions to strike "where the prior order of dismissal granted leave to amend without limitation." *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010); *see Topadzhikyan v. Glendale Police Dep't*, No. CIV 10-387 CAS (SSX), 2010 WL 2740163, at *3 (C.D. Cal. July 8, 2010) (declining to strike the new claims and defendants because the Court had granted leave to amend without limitation); *Gilmore v. Union Pac. R. Co.*, No. 09-CV-02180-JAM-DAD, 2010 WL 2089346, at *4 (E.D. Cal. May 21, 2010) (rejecting the defendant's request to strike a claim because the "Court's order was not limited to amendment of existing claims").

The Estate claims that the SAC did not exceed the scope of the Court's order, because "the Estate altered the remedy it seeks for undue influence, as expressly authorized by this Court." Dkt. 95 at 6. The Estate further asserts that "[t]his Court, in a bold header in its order held that the Estate had not pleaded undue influence, but that leave to amend was warranted, (Dkt 73 at 13), and proceeded to permit the addition of the claim." Dkt. 95 at 9. The Estate misreads the Court's order. The Court authorized the Estate to amend its complaint for the limited purpose of "alter[ing] the remedy it seeks for undue influence," and did not permit the Estate to raise new theories of liability at this stage. Dkt. 73 at 14. The SAC itself acknowledged

that "[t]his Court previously ruled that the Estate had not sufficiently pled the claim of undue influence because the proper remedy for undue influence is rescission rather than damages." Dkt. 80 at 35, 38, 39. Yet the SAC continued to seek damages. *Id.* ("The Estate is not seeking rescission for undue influence.").

Rather than addressing the error the Court's prior order identified, the SAC asserted that Loren's undue influence is a basis for requesting damages under breach of fiduciary duty, unjust enrichment, and recovery under RCW 11.48.060. *Id.* The Estate argues that the SAC is not bringing new claims but is merely clarifying that Loren's undue influence constituted a basis for recovery under three causes of action it had pled in its first amended complaint. Dkt. 95 at 6. This argument is unpersuasive. By asserting causes of actions under RCW 11.48.060 and unjust enrichment, which it had mentioned only in passing in its earlier amended complaint, the Estate is impermissibly pleading a new theory of liability of undue influence to seek damages. Dkt. 2-1 at 28, 32; *see Lizza*, 714 F. App'x at 623; *Expeditors Int'l of Washington, Inc.*, 2023 WL 8449165, at *3 The Court's order limited the scope of amendment on correcting the remedy sought, and if the Estate wanted to bring these claims, it should have requested "leave of the Court to amend the pleadings to add new claims as required by Federal Rules of Civil Procedure 15(a)." *Hover v. GMAC Mortg. Corp.*, No. C16-1243JLR, 2017 WL 1080968, at *3 (W.D. Wash. Mar. 21, 2017) (internal quotations omitted) (quoting *DeLeon*, 2010 WL 4285006, at *3). The Court thus STRIKES the unjust enrichment and RCW 11.48.060 claims. Dkt. 80 at 39–40 The Court also STRIKES any amendments to the breach of fiduciary duty claim.[2]

---

[2] The Estate's breach of fiduciary duty claim was not subject to the Court's prior order on Loren's motion for partial judgment on the pleadings. *See generally* Dkt. 73. Since this claim was sufficiently alleged, the Court strikes only new revisions made in the SAC to this claim. *See* Dkt. 80 at 35–38.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT LOREN COHEN'S MOTION TO STRIKE - 6

       2.       *The Estate properly pled factual allegations for actual fraud under the UVTA.*

The Court authorized the Estate to amend its complaint to allege that *Michael* intended to defraud his creditors so that it could plead actual fraud under RCW 19.40.041(2). Dkt. 73 at 11. In its response, the Estate asserts that it added these facts to support its claim of actual fraud: (1) "Table of Contents and a summary of claims and remedies sought by the Estate," *see* Dkt. 80 at 2–3, 30–31; (2) "facts sections on 'The Newcomer Judgements' and 'The Thomsen Judgment,'" *see id.* at 12–13, 31–35; (3) "factual allegations regarding the 2020 Agreement," *see id.* at 18–21; and (4) a "fraud claim [] alleging the Decedent 'transferred assets to Loren with actual intent to hinder, delay, or defraud creditors,'" *see id.* at 32–34; Dkt. 95 at 3. Portions of these additional factual allegations are relevant to pleading actual fraud and are permitted amendments. *See* Dkt. 73 at 14. The Court therefore DENIES Loren's motion with respect to sections of the SAC referenced in this paragraph.

In his reply, Loren argues that apart from sections of the SAC that the Estate asserts support actual fraud, the SAC also contains many revisions and the "Estate's response says nothing about how each of these additional factual amendments is related or necessary for pleading intentional fraud[.]" Dkt. 97 at 4–5. The Estate did not respond to Loren's argument about revisions to the SAC that were not explained as relevant to actual fraud, despite having the opportunity to do so under LCR 7(g). *See generally* Dkt. 95. The Court thus STRIKES revisions in the SAC that the Estate has not identified as supporting its claim of actual fraud.

       3.       *The Court denies Loren's request for attorney's fees.*

Loren seeks attorney's fees as a sanction against the Estate for exceeding the bounds of its leave. Dkt. 85 at 12. Federal courts may, through their inherent powers, award attorney's fees when a party has "acted in bad faith, vexatiously, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (internal quotations omitted) (quoting *Alyeska Pipeline*

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT LOREN COHEN'S MOTION TO STRIKE - 7

*Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)). In *Guerra v. United States*, the district court found "this is the exceptional case where an award of bad faith fees is necessary to compensate Plaintiffs for needless and improper delay and to restore the dignity of the Court" because "Defendants' prelitigation misconduct . . . reflects the pattern of willful misconduct that continued throughout the course of litigation." 75 F. Supp. 3d 1276, 1282 (W.D. Wash. 2014). Loren provides no evidence that the Estate acted in bad faith or engaged in willful misconduct. *See* Dkt. 85 at 12. Loren has not shown that attorney's fees based on the Court's inherent powers are warranted simply because his motion has been granted in part. *See Guerra*, 75 F. Supp. 3d at 1282. The Court thus DENIES Loren's request for attorney's fees.

Finally, Loren suggests that he will need an extension of the discovery deadline if the Court denies his motion. *See* Dkt. 97 at 9. If Loren believes an extension is warranted based on the Court's ruling, he may file a motion requesting one within 7 days of this Order.

### IV.   CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

- Loren's motion to strike is DENIED as to revisions to the SAC relevant to the Estate's actual fraud claim as provided in Dkt. 80 ¶¶ 53–57, 58–63, 91–96, 140–162.

- Loren's motion to strike is DENIED as to Exhibit 18 and Exhibit 19.

- Loren's motion to strike is GRANTED as to any other amendments made in the SAC.

- Loren's request for attorney's fees is DENIED.

- Because all changes made in the SAC are not easily identifiable, the Estate must submit a new version of the complaint that complies with this Order within 7 days.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT LOREN COHEN'S MOTION TO STRIKE - 8

- Loren must answer or otherwise respond to the Estate's Third Amended Complaint within 14 days of its filing.
- Any motion to further extend the case schedule based on the SAC must be made within 7 days of this Order.

Dated this 25th day of November, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT LOREN COHEN'S MOTION TO STRIKE - 9