UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROL VAUGHN, in her representative capacity as Personal Representative of the ESTATE OF MICHAEL COHEN,<br><br>        Plaintiff<br>        Counter Defendant<br>        Third Party Defendant<br>        Cross Defendant,<br><br>   v.<br><br>LOREN COHEN, et al.,<br><br>        Defendants<br>        Counter Plaintiffs | Case No. 3:23-cv-06142-TMC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

\*\*\*

WILLIAM NEWCOMER,

        Plaintiff
        Counter Defendant,

   v.

LOREN COHEN, et al.,

        Defendants
        Counter Plaintiffs
        Third Party Plaintiffs,

   v.

| | |
|---|---|
| 1 | AMARA COHEN, individually, and SUSAN COHEN, Trustee of the Michael Arthur Cohen Spousal Equivalent Access Trust, CAROL VAUGHN, individually, and in her representative capacity as Personal Representative of the ESTATE OF MICHAEL COHEN, UNITED STATES OF AMERICA (DEPARTMENT OF INTERNAL REVENUE), and BR NEWCOMER, LLC |
| | Third Party Defendants |
| | Counter Defendants |
| | Counter Plaintiffs. |

## I.  ORDER

Before the Court is Plaintiff Carol Vaughn's motion for reconsideration (Dkt. 105) of the Court's order granting in part and denying in part Defendant Loren Cohen's motion to strike (Dkt. 102).

Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1).

Plaintiff Carol Vaughn, in her capacity as Personal Representative of the Estate of Michael Cohen, requests that the "Court reconsider that portion of its order striking the portions of the Second Amended Complaint that were contained in the Complaint and First Amended Complaint[.]" Dkt. 105 at 6. The Estate next asks the Court "not [to] strike the authorities cited for permitting damages as a remedy for undue influence under RCW 11.38.060 and unjust enrichment[.]" *Id.*

First, the Estate misunderstands the Court's prior order. The Court did not strike any allegations that were part of the First Amended Complaint and never challenged. *See* Dkt. 102 at 6 ("Since [the Estate's breach of fiduciary duty claim] was sufficiently alleged, the Court strikes only new revisions made in the SAC to this claim."). The Estate may continue to assert causes of action from the First Amended Complaint that were not dismissed by the Court's earlier order on Loren Cohen's motion for judgment on the pleadings. *See* Dkt. 73. The Estate's extensive changes in the Second Amended Complaint, however, made it difficult to strike specific paragraphs that exceeded the scope of leave to amend. The Court therefore ordered the Estate to file a new version of the complaint that contains only permitted amendments relevant to the actual fraud claim and allegations from the First Amended Complaint that were not previously dismissed. *See* Dkt. 102 at 8. The First Amended Complaint is the logical starting point for the Estate to follow this direction.

Second, the Estate's motion does not meet the standard for reconsideration with respect to revisions in the Second Amended Complaint pleading damages as a remedy for undue influence under RCW 11.48.060 and unjust enrichment. The Estate's motion repeats its conclusion that "undue influence . . . is a basis for invoking the remedy of RCW 11.48.060, and basis for finding unjust enrichment" but fails to provide new authority to support why adding two new theories of liability did not exceed its leave to amend. Dkt. 105 at 3–4. The motion for reconsideration (Dkt. 105) is therefore DENIED.

Dated this 3rd day of December, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 3