THE HONORABLE TIFFANY M. CARTWRIGHT

1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

7

8
CAROL VAUGHN, in her representative
capacity as Personal Representative of the
ESTATE OF MICHAEL A. COHEN,

NO. 3:23-cv-06142-TMC

9
                        Plaintiff,

**STIPULATED PROTECTIVE
ORDER**

10
        v.

11
LOREN COHEN, et al.,

12
                        Defendants.

13
***

14
WILLIAM NEWCOMER,

15
                        Plaintiff,

16
        v.

17
LOREN COHEN, et al.,

18
                        Defendants,

19
        v.

20
AMARA COHEN, individually, and SUSAN
COHEN, Trustee of the Michael Arthur
21
Cohen Spousal Equivalent Access Trust,
CAROL VAUGHN, individually, and in her
22
representative capacity as Personal
Representative of the ESTATE OF
23
MICHAEL COHEN, UNITED STATES OF
AMERICA (DEPARTMENT OF INTERNAL
24
REVENUE), and BR NEWCOMER, LLC,

25
                        Third-Party Defendants.

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    1.    <u>PURPOSES AND LIMITATIONS</u>

2    Discovery in this action is likely to involve production of confidential, proprietary, or

3    private information for which special protection may be warranted. Accordingly, the parties

4    hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

5    parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

6    protection on all disclosures or responses to discovery, the protection it affords from public

7    disclosure and use extends only to the limited information or items that are entitled to

8    confidential treatment under the applicable legal principles, and it does not presumptively entitle

9    parties to file confidential information under seal.

10    2.    <u>"CONFIDENTIAL" MATERIAL</u>

11    "Confidential" material shall include the following documents and tangible things

12    produced or otherwise exchanged:

13    (a) tax returns produced by Certified Public Accountant Curt Stebbins that he prepared

14    from 2014 – 2020 for Loren Cohen individually, and business entities in which Michael Cohen

15    had an interest to the extent the designating party in good faith believes they contain trade secrets

16    or nonpublic proprietary confidential technical, scientific, financial, commercial, health, or

17    medical information; and

18    (b)records for 2014-2020 produced by Certified Public Accountant Curt Stebbins as to

19    the following entities, to the extent the designating party in good faith believes they contain trade

20    secrets or nonpublic proprietary confidential technical, scientific, financial, commercial, health,

21    or medical information:

22    1. Hawthorne Hills Two, LLC

23    2. MC Real Estate Consultants, LLC

24    3. MC Ruston, LLC

25    4. Rainier Property Service LLC

26    5. BR Real Estate Investment, LLC

27    6. C&M Construction Management, LLC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1      7. MC Construction Consultants, Inc.

2      8. MC Real Estate Consultants, LLC

3      9. 3M&C Developing Company, LLC

4      10. Blueberry Farms, LLC

5      11. Blueberry Farms II, LLC

6      12. Bonney Ridge LLC

7      13. Dela Dawn Developing, LLC

8      14. KT&MC Developing, LLC

9      15. Two Bonney Ridge LLC

10      16. M&J Real Estate Investment, LLC

11      The Parties agree that designation of these categories as Confidential does not make any

12 particular document discoverable.

13 3.    <u>SCOPE</u>

14      The protections conferred by this agreement cover not only confidential material (as

15 defined above), but also (1) any information copied or extracted from confidential material; (2)

16 all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

17 conversations, or presentations by parties or their counsel that might reveal confidential material.

18      However, the protections conferred by this agreement do not cover information that is in

19 the public domain or becomes part of the public domain through trial or otherwise.

20 4.    <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

21      4.1.    <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed

22 or produced by another party or by a non-party in connection with this case only for prosecuting,

23 defending, attempting to settle this litigation, or complying with statutory or regulatory

24 requirements or government agency policies regarding file retention and disclosure. Confidential

25 material may be disclosed only to the categories of persons and under the conditions described in

26 this agreement. Confidential material must be stored and maintained by a receiving party at a

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  location and in a secure manner that ensures that access is limited to the persons authorized

2  under this agreement.

3        4.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

4  ordered by the court or permitted in writing by the designating party, a receiving party may

5  disclose any confidential material only to:

6          (a)    the receiving party's counsel of record in this action, as well as employees

7  of counsel to whom it is reasonably necessary to disclose the information for this litigation;

8          (b)    the officers, directors, and employees (including in house counsel) of the

9  receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

10  agree that a particular document or material produced is for Attorney's Eyes Only and is so

11  designated;

12          (c)    experts and consultants to whom disclosure is reasonably necessary for

13  this litigation and who have agreed in writing to be bound by this protective order, including

14  employees and subcontractors of the experts or consultants retained by the parties or by their

15  counsel for purposes of this litigation in paraprofessional, clerical, stenographic and ministerial

16  positions;

17          (d)    the court, court personnel, and court reporters and their staff;

18          (e)    copy or imaging services retained by counsel to assist in the duplication of

19  confidential material, provided that counsel for the party retaining the copy or imaging service

20  instructs the service not to disclose any confidential material to third parties and to immediately

21  return all originals and copies of any confidential material;

22          (f)    witnesses in the action to whom disclosure is reasonably necessary and

23  who have agreed in writing to be bound by this protective order, unless otherwise agreed by the

24  designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits

25  to depositions that reveal confidential material must be separately bound by the court reporter

26  and may not be disclosed to anyone except as permitted under this agreement;

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    (g)    the author or recipient of a document containing the information or a
2    custodian or other person who otherwise possessed or knew the information;

3    (h)    Insurance carriers and their claims representatives, for the purpose of
4    analyzing and valuing the potential claims;

5    (i)    Any person to whom disclosure is required by statute; and,

6    (j)    Any person designated by the Court in the interest of justice, upon such
7    terms as the Court may deem proper.

8    4.3.    Filing Confidential Material. Before filing confidential material or discussing or
9    referencing such material in court filings, the filing party shall confer with the designating party,
10    in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will
11    remove the confidential designation, whether the document can be redacted, or whether a motion
12    to seal or stipulation and proposed order is warranted. During the meet and confer process, the
13    designating party must identify in writing within seven business days of the initial request for a
14    meet and confer the basis for sealing the specific confidential information at issue, and the filing
15    party shall include this basis in its motion to seal, along with any objection to sealing the
16    information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and
17    the standards that will be applied when a party seeks permission from the court to file material
18    under seal. A party who seeks to maintain the confidentiality of its information must satisfy the
19    requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.
20    Failure to satisfy this requirement will result in the motion to seal being denied, in accordance
21    with the strong presumption of public access to the Court's files.

22    4.4.    Use of Confidential Material at Hearing or Trial. Nothing in this Protective Order
23    shall be grounds for limiting or restricting the use of confidential material during a public
24    hearing or trial. A party seeking to maintain the confidentiality of evidence to be presented at
25    trial shall raise the matter with the Court in the pretrial order. A receiving party seeking to
26    present confidential information during a public hearing shall notify the party who has
27    designated the information as confidential fifteen (15) business days in advance of the hearing,

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    and it will be incumbent upon the designating party to move for an order closing the hearing (or

2    a portion thereof) to the public.

3    5.    <u>DESIGNATING PROTECTED MATERIAL</u>

4        5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party

5    or non-party that designates information or items for protection under this agreement must take

6    care to limit any such designation to specific material that qualifies under the appropriate

7    standards. The designating party must designate for protection only those parts of material,

8    documents, items, or oral or written communications that qualify, so that other portions of the

9    material, documents, items, or communications for which protection is not warranted are not

10   swept unjustifiably within the ambit of this agreement.

11       Mass, indiscriminate, or routinized designations are prohibited. Designations that are

12   shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

13   unnecessarily encumber or delay the case development process or to impose unnecessary

14   expenses and burdens on other parties) expose the designating party to sanctions.

15       If it comes to a designating party's attention that information or items that it designated

16   for protection do not qualify for protection, the designating party must promptly notify all other

17   parties that it is withdrawing the mistaken designation.

18       5.2.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

19   agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or

20   ordered, disclosure or discovery material that qualifies for protection under this agreement must

21   be clearly so designated before or when the material is disclosed or produced.

22           (a)    <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents

23   and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

24   proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that

25   contains confidential material. If only a portion or portions of the material on a page qualifies for

26   protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by

27   making appropriate markings in the margins).

STIPULATED PROTECTIVE ORDER - 6
CASE NO. 3:23-cv-06142-TMC

1         (b)   <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties
2   and any participating non-parties must identify on the record, during the deposition or other
3   pretrial proceeding, all protected testimony, without prejudice to their right to so designate other
4   testimony after reviewing the transcript. Any party or non-party may, within fifteen days after
5   receiving the transcript of the deposition or other pretrial proceeding, designate portions of the
6   transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect
7   confidential information at trial, the issue should be addressed during the pre-trial conference.

8         (c)   <u>Other tangible items</u>: the producing party must affix in a prominent place
9   on the exterior of the container or containers in which the information or item is stored the word
10  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,
11  the producing party, to the extent practicable, shall identify the protected portion(s).

12      5.3.   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to
13  designate qualified information or items does not, standing alone, waive the designating party's
14  right to secure protection under this agreement for such material. Upon timely correction of a
15  designation, the receiving party must make reasonable efforts to ensure that the material is
16  treated in accordance with the provisions of this agreement.

17  6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

18      6.1.   <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of
19  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality
20  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic
21  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to
22  challenge a confidentiality designation by electing not to mount a challenge promptly after the
23  original designation is disclosed.

24      6.2.   <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute
25  regarding confidential designations without court involvement. Any motion regarding
26  confidential designations or for a protective order must include a certification, in the motion or in
27  a declaration or affidavit, that the movant has engaged in a good faith meet and confer

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  conference with other affected parties in an effort to resolve the dispute without court action. The

2  certification must list the date, manner, and participants to the conference. A good faith effort to

3  confer requires a face-to-face meeting or a telephone conference.

4    6.3.  <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court

5  intervention, the designating party may file and serve a motion to retain confidentiality under

6  Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

7  persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

8  made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

9  other parties) may expose the challenging party to sanctions. All parties shall continue to

10  maintain the material in question as confidential until the court rules on the challenge.

11  7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

12       <u>LITIGATION</u>

13    If a party is served with a subpoena or a court order issued in other litigation that compels

14  disclosure of any information or items designated in this action as "CONFIDENTIAL," that

15  party must:

16    (a)    promptly notify the designating party in writing and include a copy of the

17  subpoena or court order;

18    (b)    promptly notify in writing the party who caused the subpoena or order to

19  issue in the other litigation that some or all of the material covered by the subpoena or order is

20  subject to this agreement. Such notification shall include a copy of this agreement; and

21    (c)    cooperate with respect to all reasonable procedures sought to be pursued

22  by the designating party whose confidential material may be affected.

23    It shall be the sole obligation of the party designating the material confidential to take

24  whatever steps they determine to be necessary to maintain the information's protection following

25  the notification process above.

26  8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

2    material to any person or in any circumstance not authorized under this agreement, the receiving

3    party must immediately (a) notify in writing the designating party of the unauthorized

4    disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

5    (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

6    this agreement, and (d) request that such person or persons execute the "Acknowledgment and

7    Agreement to Be Bound" that is attached hereto as Exhibit A.

8    9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

9          MATERIAL

10    When a producing party gives notice to receiving parties that certain inadvertently

11    produced material is subject to a claim of privilege or other protection, the obligations of the

12    receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

13    provision is not intended to modify whatever procedure may be established in an e-discovery

14    order or agreement that provides for production without prior privilege review. The parties agree

15    to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

16    10.    CONSENT TO DISCLOSURE

17    Nothing in this Protective Order shall prevent disclosure of any confidential information

18    if the designating party consents in writing to the disclosure.

19    11.    VIOLATION OR POTENTIAL VIOLATION OF LAW

20    Notwithstanding any provision of this Protective Order, where counsel believe

21    confidential information or documents, either on its face or in conjunction with other

22    information, indicates a violation or potential violation of law—criminal, civil, or regulatory in

23    nature—the relevant information or documents may be disclosed to the appropriate federal, state,

24    local, foreign, or tribal, law enforcement authority or other appropriate agency charged with the

25    responsibility of investigating or prosecuting such a violation or enforcing or implementing such

26    law. Employees or contractors of the United States Department of Justice and the Internal

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    Revenue Service (including counsel for the Internal Revenue Service) assigned to any criminal

2    investigation or matter are not bound by this Protective Order.

3    12.    NON TERMINATION AND RETURN OF DOCUMENTS

4        Within 60 days after the termination of this action, including all appeals, each receiving

5    party must return all confidential material to the producing party, including all copies, extracts

6    and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

7    destruction.

8        Notwithstanding this provision, counsel are entitled to retain one archival copy of all

9    documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

10   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

11   work product, even if such materials contain confidential material.

12       Moreover, this provision does not apply with respect to (a) material that becomes part of

13   the Court record in this matter, (b) work product of counsel, (c) trial, deposition, and hearing

14   transcripts, correspondence, deposition and trial exhibits, expert reports, and consultant and

15   expert work product, and (d) transcripts, exhibits, and other documents required to be maintained

16   by the U.S. Department of Justice's written record retention policy as necessary for an

17   understanding of the outcome of the case, provided that all material designated confidential

18   pursuant to paragraph 5 in such retained material is maintained in accordance with the provisions

19   hereof.

20       The confidentiality obligations imposed by this agreement shall remain in effect until a

21   designating party agrees otherwise in writing or a court orders otherwise.

22

23       STIPULATED TO AND DATED this 9th day of December, 2024.

24   TERRELL MARSHALL LAW GROUP            LAW OFFICES OF JACK B. KRONA, JR.
     PLLC
25                                         By: */s/ Jack B. Krona, Jr.*
26   By: */s/ Adrienne D. McEntee*            Jack B. Krona, Jr., WSBA No. 42484
        Adrienne D. McEntee, WSBA No. 34061   E-mail: j_krona@yahoo.com
27      E-mail: amcentee@terrellmarshall.com   5020 Main Street, Suite H

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Toby J. Marshall, WSBA No. 32726
E-mail: tmarshall@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603

*Attorneys for Loren Cohen individually*

THOMPSON HOWLE VAUGHN

By: */s/ Carol Vaughn*
_____
Carol Vaughn, WSBA No. 16579
E-mail: carolv@thompsonhowle.com
1200 Fifth Avenue, Suite 625
Seattle, WA 98101
Telephone: (206) 682-8400

*Personal Representative of the Estate of Michael Cohen*

MOEN LAW OFFICES

By: */s/ Bruce Moen*
_____
Bruce Moen, WSBA No. 6640
E-mail: brm@moenlaw.com
1200 Fifth Avenue, Suite 625
Seattle, WA 98101
Telephone: (206) 441-1156

*Attorneys for the Personal Representative of the Estate of Michael Cohen*

KELLER ROHRBACK L.L.P.

By: */s/ Eric R. Laliberte*
_____
Eric R. Laliberte, WSBA No. 44840
E-mail: elaliberte@kellerrohrback.com
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900

*Attorneys for Amara Cohen and Susan Cohen*

Tacoma, WA 98407
Telephone: (253) 341-9331

*Attorneys for Loren Cohen as Trustee of the LMC Family Trust*

LEE SMART, P.S., INC.

By: */s/ Marc Rosenberg*
_____
Marc Rosenberg, WSBA No. 31034
E-mail: mr@leesmart.com
Hildja S. Saas, WSBA No. 37691
E-mail: hss@leesmart.com
701 Pike Street, Suite 1800
Seattle, Washington 98101
Telephone: (206) 262-8308

*Attorneys for Counterclaim Defendant Carol Vaughn*

SMITH ALLING, P.S.

By: */s/ Russell A. Knight*
_____
Russell A. Knight, WSBA No. 40614
E-mail: rknight@smithalling.com
1501 Dock Street
Tacoma, WA 98402
Telephone: (253) 627-1091

*Attorneys for William Newcomer and BR Newcomer, LLC*

U.S. DEPARTMENT OF JUSTICE
TAX DIVISION

DAVID A. HUBBERT
Deputy Assistant Attorney General

By: */s/ Timothy J. Huether*
_____
Timothy J. Huether
E-mail: timothy.huether@usdoj.gov
P.O. Box 683
Washington, D.C. 20044
Telephone: (202) 307-2124

*Attorneys for the United States of America*

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    PURSUANT TO STIPULATION, IT IS SO ORDERED

2    IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3    documents, electronically stored information (ESI) or information, whether inadvertent or

4    otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or

5    state proceeding, constitute a waiver by the producing party of any privilege applicable to those

6    documents, including the attorney-client privilege, attorney work-product protection, or any

7    other privilege or protection recognized by law. This Order shall be interpreted to provide the

8    maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b)

9    do not apply.  Nothing contained herein is intended to or shall serve to limit a party's right to

10    conduct a review of documents, ESI or information (including metadata) for relevance,

11    responsiveness and/or segregation of privileged and/or protected information before production.

12    Information produced in discovery that is protected as privileged or work product shall be

13    immediately returned to the producing party.

14    DATED: 9ᵗʰ of December 2024.

15

16    _____

17    TIFFANY M. CARTWRIGHT
       United States District Court Judge

18

19

20

21

22

23

24

25

26

27

STIPULATED PROTECTIVE ORDER - 12
CASE NO. 3:23-cv-06142-TMC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com