UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROL S VAUGHN, et al., in her representative capacity as Personal Representative of the ESTATE OF MICHAEL COHEN, | Case No. 3:23-cv-06142-TMC |
| Plaintiff<br>Counter Defendant<br>Third Party Defendant<br>Cross Defendant, | ORDER DENYING MOTION TO STRIKE |
| v. | |
| LOREN COHEN, et al., | |
| Defendants<br>Counter Plaintiffs | |

\*\*\*

| | |
|---|---|
| WILLIAM NEWCOMER, | |
| Plaintiff<br>Counter Defendant, | |
| v. | |
| LOREN COHEN, et al., | |
| Defendants<br>Counter Plaintiffs<br>Third Party Plaintiffs, | |
| v. | |

ORDER DENYING MOTION TO STRIKE - 1

| | |
|---|---|
| 1 | AMARA COHEN, individually, and SUSAN COHEN, Trustee of the Michael Arthur Cohen Spousal Equivalent Access Trust, CAROL VAUGHN, individually, and in her representative capacity as Personal Representative of the ESTATE OF MICHAEL COHEN, UNITED STATES OF AMERICA (DEPARTMENT OF INTERNAL REVENUE), and BR NEWCOMER, LLC |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | Third Party Defendants<br>Counter Defendants |
| 8 | Counter Plaintiffs. |

## I.    INTRODUCTION

Before the Court is Defendant Loren Cohen's motion to strike the first, second, and third causes of action in the Third Amended Complaint (Dkt. 109). Plaintiff Carol Vaughn, in her capacity as Personal Representative of the Estate of Michael Cohen, responded (Dkt. 121), and Loren[1] replied (Dkt. 152). Having reviewed the parties' briefing and the balance of the record, the Court DENIES the motion.

## II.    BACKGROUND

On November 25, 2024, the Court granted in part and denied in part Loren's motion to strike the Estate's Second Amended Complaint (SAC). Dkt. 102. The Court allowed the Estate to include revisions in the SAC relevant to the Estate's actual fraud claim and Exhibits 18 and 19. *Id.* at 8. The Court, however, struck any other amendments made in the SAC and ordered the Estate to file a new version of the complaint that complied with the order within seven days. *Id.* at 8–9. On December 2, 2024, the Estate filed a motion for reconsideration, Dkt. 105, that the

---

[1] Because multiple parties have the last name "Cohen," the Court refers to Michael and Loren Cohen by their first names.

ORDER DENYING MOTION TO STRIKE - 2

Court denied, Dkt. 106. In its order denying the Estate's request for reconsideration, the Court explained that it had not struck any allegations that were part of the First Amended Complaint (FAC) but never challenged. *Id.* at 3. Therefore, the Estate was permitted to continue asserting causes of action in the FAC that were not dismissed by the Court's previous order on Loren's motion for judgment on the pleadings. *See* Dkt. 73. On December 4, 2024, the Estate filed the Third Amended Complaint (TAC). Dkt. 108. Loren now moves to strike the first, second, and third causes of action in the TAC. Dkt. 109.

### III.    DISCUSSION

**A.    Legal Standard**

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" sua sponte or on motion by a party. Fed. R. Civ. P. 12(f). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd* on other grounds, 510 U.S. 517 (1994)).

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The moving party must specify, "the defects complained of and the details desired." *Id.* In adjudicating Rule 12(e) motions, courts evaluate the complaint based on Rule 8, which requires a complaint to contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for relief. Fed. R. Civ. P. 8(a).

ORDER DENYING MOTION TO STRIKE - 3

B.  **Loren's Motion to Strike**

   *1.  The Estate properly pled causes of action seeking declaratory judgment in the Third Amended Complaint.*

Loren argues that the Court should strike the first, second, and third causes of action because the claims are untimely. Dkt. 109 at 6. Loren asserts, "Vaughn purposely abandoned the Estate's undue influence claims when she filed the Second Amended Complaint [and she] should not be permitted to replead the claims that she abandoned nearly two months ago." *Id.* at 7. This argument is unpersuasive.

In its most recent order, the Court explained that the FAC was the logical starting point for the Estate to draft its amended complaint. Dkt. 106 at 3. The Court instructed the Estate that it could include amendments related to the actual fraud claim and allegations that were not dismissed in its previous order on Loren's motion for judgment on the pleadings. *Id*. The Court had dismissed the Estate's undue influence claims because it sought damages—a remedy unavailable as a matter of law. *See* Dkt. 73 at 13. The Court did not, however, dismiss wholesale the Estate's claims seeking declaratory judgment that the changes to the 2014 sale were a product of undue influence and that the 2020 transfer of Michael's 49.9% business interest to Loren was a product of undue influence. *See id.* at 13–14; *see also* Dkt. 2-1 at 25–27. The Estate followed the Court's order and struck portions of the complaint that sought money damages. *See* Dkt. 108 ¶¶ 165, 172, 173, 175, 176. Since the remaining sections of the first and second causes of action were pleaded in the Estate's FAC and not dismissed in any subsequent order, the Estate properly pleaded those claims in the TAC.

Loren next argues that the first cause of action should be struck because it seeks a remedy unavailable for undue influence. Dkt. 109 at 7. Specifically, Loren argues that the Estate's request that the Court declare it is entitled to $8,485,000 for the 50.1% of Michael's interest

ORDER DENYING MOTION TO STRIKE - 4

transferred to Loren in 2014 impermissibly seeks damages. *Id.*; *see* Dkt. 108 ¶¶ 50, 163. This argument is also unpersuasive.

The Estate is seeking declaratory judgment that the modification of the 2014 Sale is void because of undue influence, not requesting that the Court issue a money judgment against Loren. *See* Dkt. 108 ¶¶ 158–166. This is consistent with the Court's discussion, in its order on Loren's motion for judgment on the pleadings, that the proper remedy for undue influence is to void the relevant transfer of property—here, the modifications to the 2014 Sale. *See* Dkt. 73 at 13–14. While Loren points to the Estate's request for declaratory judgment that it is entitled to $8,485,000 to assert that the Estate is in fact seeking damages, the $8,485,000 is just the amount the Estate alleges would be due under the 2014 Sale if the modification at issue was ruled void. *See id* ¶ 163. It is not a separate request that the Court order Loren to pay $8,485,000 as compensatory damages. Because the Estate complied with the Court's order in removing portions of the complaint that sought damages as a remedy, it properly raised claims for declaratory relief in the TAC.

**2.**   *The Court denies Loren's request for a more definite statement under FRCP Rule 12(e).*

If the Court denies Loren's motion to strike, Loren requests a more definite statement under Rule 12(e). Dkt. 109 at 8; *see* Fed. R. Civ. P. 12(e). Loren argues that the TAC "now purports to replead undue influence but is ambiguous regarding the remedy Vaughn seeks." Dkt. 109 at 8. Loren then points to different courses of action he would take if the Estate did or did not seek rescission. *Id.*

A more definite statement is not warranted in this case because the TAC is not "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The TAC provides sufficient notice of the claims' substance and that the Estate is seeking to void the

ORDER DENYING MOTION TO STRIKE - 5

2020 modifications to the 2014 sale. Loren's litigation strategy is an insufficient basis to grant his request. *See Advanced Hair Restoration LLC v. Bosley Inc.*, No. C23-1031-KKE, 2024 WL 4544930, at *4 (W.D. Wash. Oct. 22, 2024) ("This district court has recognized that a Rule 12(e) motion attacks the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted.") (internal citation omitted). Accordingly, Loren's request for a more definite statement is DENIED.

### IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Loren's motion to strike the first, second, and third causes of action in the TAC (Dkt. 109).

Dated this 2nd day of January, 2025.

Tiffany M. Cartwright
United States District Judge