1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAROL S VAUGHN, et al., in her representative capacity as Personal Representative of the ESTATE OF MICHAEL COHEN,

        Plaintiff
        Counter Defendant
        Third Party Defendant
        Cross Defendant,

   v.

LOREN COHEN, et al.,

        Defendants
        Counter Plaintiffs

***

WILLIAM NEWCOMER,

        Plaintiff
        Counter Defendant,

   v.

LOREN COHEN, et al.,

        Defendants
        Counter Plaintiffs
        Third Party Plaintiffs,

   v.

Case No. 3:23-cv-06142-TMC

ORDER DENYING MOTION TO CONTINUE TRIAL AND RELATED DEADLINES

| | |
|---|---|
| 1 | AMARA COHEN, individually, and SUSAN COHEN, Trustee of the Michael Arthur Cohen Spousal Equivalent Access Trust, CAROL VAUGHN, individually, and in her representative capacity as Personal Representative of the ESTATE OF MICHAEL COHEN, UNITED STATES OF AMERICA (DEPARTMENT OF INTERNAL REVENUE), and BR NEWCOMER, LLC |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | Third Party Defendants<br>Counter Defendants |
| 8 | Counter Plaintiffs. |

# I.  ORDER

Before the Court is Carol Vaughn's motion to continue trial and related deadlines in this complex, multi-party dispute arising from the Estate of Michael Cohen. Dkt. 115. Ms. Vaughn, the personal representative of the Estate, brings this motion seeking a 90-day trial extension and an amended scheduling order. *See id.* at 2. Loren Cohen[1] opposes the motion (Dkt. 128) and no other party has filed a response. For the reasons explained below, the Court DENIES the motion.

Vaughn moved for a continuance on December 12, 2024, 11 days before the dispositive motions deadline and one day before the discovery cutoff. *See* Dkt. 115; Dkt. 16; Dkt. 79. After receiving the motion, the Court reminded the parties that under Local Civil Rule 7(j), a motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the Court to rule on the motion prior to the deadline. *See* Dkt. 117. Vaughn and Loren then filed timely motions for summary judgment while this motion was pending. *See* Dkt. 124, 142.

---

[1] As with its prior orders in this case, to avoid confusion, the Court refers to members of the Cohen family by their first names.

ORDER DENYING MOTION TO CONTINUE TRIAL AND RELATED DEADLINES - 2

A case schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under this district's Local Civil Rules, "[m]ere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." Local Civ. R. 16(b)(6). In exercising its discretion to continue trial, the Court considers the following factors: (1) the requesting party's diligence in preparing its defense; (2) the need for a continuance; (3) the inconvenience granting the continuance would cause to the Court, the opposing parties, and witnesses; and (4) the hardship the requesting party would experience if denied a continuance. *United States v. 2.61 Acres of Land, More or Less, Situated in Mariposa Cnty., State of Cal.*, 791 F.2d 666, 671 (9th Cir. 1985).

Here, the Court finds these factors do not support a continuance of trial or the related deadlines. First, Vaughn has not been diligent in conducting the outstanding discovery or in seeking a continuance. In March 2024, the Court set the trial date as April 21, 2025, as requested by all parties in their Joint Status Report. *See* Dkt. 15; Dkt. 16. Six days before the deadline for expert disclosures, Vaughn moved for a 60-day extension of the expert disclosure and discovery deadlines. *See* Dkt. 68. Because the undersigned judge typically requires 120 days between the dispositive motions deadline and the trial date, the Court granted Vaughn's motion only in part, extending expert deadlines by 30 days, the discovery deadline by 21 days, and leaving all other deadlines in place. Dkt. 79 at 3. The Court cautioned the parties: "Should the parties instead prefer a trial continuance, they should meet and confer and submit a stipulated motion proposing alternative trial dates. The Court expects the parties to work cooperatively to schedule their remaining depositions within the time allowed." *Id.*

Despite this extension, Vaughn now argues that she has not been able to complete all discovery by the December 13, 2024 deadline. Dkt. 115 at 3. In addition to two depositions scheduled for December 18, 2024, Vaughn says she intends to depose four additional witnesses.

ORDER DENYING MOTION TO CONTINUE TRIAL AND RELATED DEADLINES - 3

*See* Dkt. 116 at 2–3. But Vaughn has not attempted to schedule depositions for two of the four witnesses before filing this motion. *See* Dkt. 129 at 2. Even though Vaughn could have requested a continuance well in advance of the deadlines, she has not been diligent in pursuing one. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted.") (internal citation omitted).

Second, Vaughn has not demonstrated a need for a continuance or that proceeding to trial will cause a significant hardship. Vaughn argues that responding to discovery requests from Loren Cohen and PC Collections and working on several contested motions the past three months have taken time away from properly completing discovery and preparing dispositive motions. Dkt. 115 at 4. Additionally, Vaughn asserts that if a continuance is denied, she will not have sufficient time for the case to be tried on its merits. Dkt. 154 at 7. But again, Vaughn has long been aware of the deadlines, and discovery and motions practice (at least some of which was necessitated by Vaughn's own strategic choices when amending her complaint) is a typical part of litigation. Vaughn has prepared and filed her motion for summary judgment, and the Court granted the parties a seven-day extension for their response briefs. Dkt. 161. Finally, because some of the other parties settled their claims at mediation (*see* Dkt. 174), the case will be simplified somewhat as the remaining parties prepare for trial.

Third, granting a trial continuance would be of great inconvenience to other parties and the Court. Loren "vehemently opposes a trial continuance" and asserts he has "dedicated significant time and resources to meet each of the deadlines set by the Court and . . . has done everything in his power to avoid extending the schedule and delaying the trial." Dkt. 128 at 2. Rescheduling the trial date and related deadlines would also cause logistical challenges for the Court. Absent any unforeseen emergency proceedings, this case has a hard-set trial date of April

ORDER DENYING MOTION TO CONTINUE TRIAL AND RELATED DEADLINES - 4

21, 2025. The Court has reviewed the 2025 trial calendar and cannot guarantee another date to accommodate a 10-day bench trial for the rest of the year. Postponing the trial beyond that point would be a significant and prejudicial delay. The Court has set aside 10 days of its time to hear from the parties and other witnesses, weigh their credibility, and resolve the many disputed issues in this sad and complicated case. The trial will proceed as scheduled.

## II. CONCLUSION

For the foregoing reasons, the Court DENIES Vaughn's motion to continue the trial and amend the case scheduling order (Dkt. 115).

Dated this 13th day of January, 2025.

Tiffany M. Cartwright
United States District Judge