UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROL S VAUGHN, et al., in her representative capacity as Personal Representative of the ESTATE OF MICHAEL COHEN,<br><br>　　　　Plaintiff<br>　　　　Counter Defendant<br>　　　　Third Party Defendant<br>　　　　Cross Defendant,<br><br>　v.<br><br>LOREN COHEN, et al.,<br><br>　　　　Defendants<br>　　　　Counter Plaintiffs | Case No. 3:23-cv-06142-TMC<br><br>ORDER DENYING MOTION TO STRIKE |

***

WILLIAM NEWCOMER,

　　　　Plaintiff
　　　　Counter Defendant,

　v.

LOREN COHEN, et al.,

　　　　Defendants
　　　　Counter Plaintiffs
　　　　Third Party Plaintiffs,

　v.

ORDER DENYING MOTION TO STRIKE - 1

| | |
|---|---|
| 1 | AMARA COHEN, individually, and SUSAN COHEN, Trustee of the Michael Arthur Cohen Spousal Equivalent Access Trust, CAROL VAUGHN, individually, and in her representative capacity as Personal Representative of the ESTATE OF MICHAEL COHEN, UNITED STATES OF AMERICA (DEPARTMENT OF INTERNAL REVENUE), and BR NEWCOMER, LLC |

Third Party Defendants
Counter Defendants
Counter Plaintiffs.

## I. ORDER

Before the Court is Carol Vaughn's motion to strike Loren Cohen's[1] contemporaneous dispositive motions and *Daubert* motions. Dkt. 153. Ms. Vaughn, the personal representative of the Estate, asks the Court to strike Loren's two[2] pending dispositive motions (Dkt. 131, 142) for violating LCR 7(e)(3) and three *Daubert* motions (Dkt. 135, 139, 140) for being frivolous. Vaughn further requests that the Court sanction Loren's counsel and award attorney's fees pursuant to 28 U.S.C. § 1927. For the following reasons, the Court DENIES the motion.

Local Civil Rule 7(e)(3) provides, "[a]bsent leave of the court, a party must not file contemporaneous dispositive motions, each one directed toward a discrete issue or claim." Local

---

[1] As with its prior orders in this case, to avoid confusion, the Court refers to members of the Cohen family by their first names.

[2] While this motion was pending, the Court denied Loren's motion to strike the first, second, and third causes of action in the Third Amended Complaint. *See* Dkt. 156. On January 9, 2025, Loren (and other parties affiliated with Loren) and William Newcomer informed the Court they had reached a settlement agreement, which includes a dismissal of their claims against each other with prejudice. *See* Dkt. 174. This resolved Loren's pending motion on Newcomer's claims (Dkt. 134). Therefore, as of this order, there are only two dispositive motions at issue. *See* Dkt. 131; Dkt. 142.

Civ. R. 7(e)(3); *see Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1321 (W.D. Wash. 2015) ("This rule seeks to avoid the inefficiencies caused by duplicative dispositive motions and circumvention of the court's page limits.").

Vaughn argues that Loren violated LCR 7(e)(3) by filing contemporaneous dispositive motions that seek "dismissal of discrete issues or claims." Dkt. 153 at 7. Since Loren did not seek leave of the Court before filing separate dispositive motions, Vaughn asks the Court to strike the later-filed motion or order Loren to refile them as one. *Id.*

Loren's filings are not inconsistent with LCR 7(e)(3) because each motion is directed towards different parties with different claims in this consolidated case. When this case was consolidated in October 2023, the Pierce County Superior Court noted in its order that "[t]he causes of action pled shall maintain their separate character, including maintaining the parties to each separate cause of action." Dkt. 11-1 at 391. The two motions at issue are (1) a motion to strike Amara Cohen's and Susan Cohen's counterclaims against Loren Cohen and Holland Cohen and (2) a motion for summary judgment on Plaintiff Carol Vaughn's UVTA, undue influence, and breach of fiduciary duty claims. *See* Dkt. 131; Dkt. 142. Since both motions address distinct claims brought by separate parties, it is reasonable that Loren filed them separately for clarity and to comply with the consolidation order. Notably, Vaughn is unaffected by Loren's motion to strike, since she need only respond to the summary judgment motion directed at her claims.

Vaughn next argues that the Court should strike Loren's three *Daubert* motions as frivolous because "*Daubert* is meant to protect juries from being swayed by dubious scientific testimony" and this case will proceed with a bench trial. Dkt. 153 at 8. Despite Vaughn's emphasis on the "relaxed" gatekeeping function in bench trials, the Court will need to evaluate the reliability of the proposed expert testimony at some point—either before or at trial—and

ORDER DENYING MOTION TO STRIKE - 3

Vaughn will not be prejudiced by the Court's consideration of those arguments now. *See* Fed. R. Evid. 702. If the motions are as meritless as Vaughn claims, responding to them should not be difficult. Since there is no prohibition against filing *Daubert* motions separately in advance of trial, the Court denies Vaughn's request to strike the three *Daubert* motions.

Finally, Vaughn requests sanctions against Loren and his counsel under 28 U.S.C. § 1927. Dkt. 153 at 13. The statute provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To impose sanctions under Section 1927, the Court must make a finding that the attorney acted with subjective bad faith. *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). "Knowing or reckless conduct meets this standard." *Id.* At this stage, the record does not support a finding of subjective bad faith. If after reviewing the *Daubert* motions in full the Court believes Loren's attorneys may have violated their responsibilities under Federal Rule of Civil Procedure 11(b), the Court has the power to raise that issue on its own. *See* Fed. R. Civ. P. 11(c)(1).

## II.    CONCLUSION

For the foregoing reasons, the Court DENIES Vaughn's motion to strike Loren Cohen's contemporaneous dispositive motions and *Daubert* motions (Dkt. 153).

Dated this 13th day of January, 2025.

Tiffany M. Cartwright
United States District Judge