1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

CAROL S VAUGHN, et al.,                    Case No. 3:23-cv-06142-TMC

9                          Plaintiff,        ORDER

10          v.

11    LOREN COHEN, et al.,

12                          Defendant.

13

14                                    I.    ORDER

15          Before the Court is Defendant Loren Cohen's motion for reconsideration (Dkt. 241) of

16    the Court's order denying Loren's motion for summary judgment (Dkt. 142). Loren asks this

17    Court to revisit its denial of summary judgment on the Estate's undue influence claim.

18          Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored,"

19    and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error

20    in the prior ruling or a showing of new facts or legal authority which could not have been

21    brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). "[A] motion

22    for reconsideration should not be granted, absent highly unusual circumstances, unless the

23    district court is presented with newly discovered evidence, committed clear error, or if there is an

24    intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH*

ORDER - 1

& *Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). "A motion for reconsideration is not intended to provide litigants with a second bite at the apple." *Stevens v. Pierce Cnty.*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023).

Loren's motion does not meet this high bar. In the motion, Loren argues that the Estate did not raise the terms of the 2020 Transaction that the Court found material to its decision on the undue influence claim, and that he would have provided additional argument or evidence if he understood that this fact was disputed. Dkt. 241 at 3. But Loren, as the moving party, had the initial burden to show to the Court that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). As the Court explained in its Order, Loren did not meet this burden. Dkt. 239 at 14 ("In this case, the Court notes that many of the disputed material facts are contained within the materials submitted by Loren in support of his motion, and therefore he has not met his initial burden."). The Court's decision to deny summary judgment on the undue influence claim rested primarily on its finding that there were disputed material facts within the contemporaneous communications and drafts between Loren and Michael. Under those circumstances, whether the Estate's response brief made the specific argument that led to the Court's conclusion is immaterial.

And, despite Loren's assertion that the Estate "could not answer the question" put to her at oral argument on the undue influence claim, Dkt. 241 at 3, it was in fact counsel for the Estate's eventual answer about the increase in salary for Loren and his wife in the final November 2020 agreement that led the Court to reexamine the record and realize its earlier mistaken interpretation.

The remainder of the motion provides argument for why it was reasonable for Loren to reject the terms proposed by Michael on November 2. But those arguments do not affect the

analysis of whether Michael's ultimate agreement was the product of undue influence. For these reasons, the motion for reconsideration (Dkt. 241) is DENIED.

Dated this 31st day of March, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER - 3