THE HONORABLE TIFFANY M. CARTWRIGHT

1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

7

8

CAROL VAUGHN, in her representative
capacity as Personal Representative of the
ESTATE OF MICHAEL A. COHEN,

NO. 3:23-cv-06142-TMC

9

Plaintiff,

**STIPULATED MOTION AND ORDER FOR
REMAND**

10

v.

11

LOREN COHEN, et al.,

**NOTED FOR CONSIDERATION:**
APRIL 11, 2025

12

Defendants.

13

\*\*\*

14

WILLIAM NEWCOMER,

15

Plaintiff,

16

v.

17

LOREN COHEN, et al.,

18

Defendants,

19

v.

20

AMARA COHEN, individually, and SUSAN
COHEN, Trustee of the Michael Arthur Cohen
Spousal Equivalent Access Trust, CAROL
VAUGHN, individually, and in her
representative capacity as Personal
Representative of the ESTATE OF MICHAEL
COHEN, UNITED STATES OF AMERICA
(DEPARTMENT OF INTERNAL REVENUE), and
BR NEWCOMER, LLC,

21

22

23

24

25

Third-Party Defendants.

26

27

STIPULATED MOTION AND ORDER FOR REMAND - 1
CASE NO. 3:23-cv-06142-TMC

1    Loren Cohen, in his individual capacity and as part of his marital estate, Holland Cohen,

2  in her individual capacity and as part of her marital estate, Susan Cohen, as successor trustee of

3  the Michael Arthur Cohen Spousal Equivalent Trust, and Amara Cohen (collectively, the

4  "Parties") stipulate to remand as follows:

5    1.    Although this case was initially filed in state court, the United States removed it

6  to federal court under 28 U.S.C. § 1441(a), as an action affecting federal tax liens, 28 U.S.C. §

7  1442(a)(1), the federal officer or agency removal statute, after "United States of America

8  (Department of Internal Revenue)" was named as a Third-Party Defendant, and 28 U.S.C. §

9  1444 as an action brought under 28 U.S.C. § 2410. Dkt. 1. The United States also brought a

10  crossclaim against the Estate and a counterclaim against Loren. Dkt. 18.

11    2.    This Court previously determined that it had original jurisdiction pursuant to 28

12  U.S.C. § 1340, 26 U.S.C. § 7402, and 28 U.S.C. § 1345. The Court also previously determined that

13  it could exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28

14  U.S.C. § 1367(a).

15    3.    On April 10, 2025, Loren Cohen and the United States finalized a settlement that

16  resolved all claims in this suit asserted by the United States and all claims asserted by Loren

17  Cohen and his related entities against the United States. Subsequently, per stipulation, the

18  Court dismissed these claims. Dkt. 273. The settlement and subsequent dismissal resolved all

19  claims in this suit involving the United States, leaving only claims under state law.

20    4.    The court has an independent obligation to address *sua sponte* whether it has

21  subject matter jurisdiction, *see Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999), and

22  the obligation is continuing even if the issue is neglected by the parties. *See United States v.*

23  *Ceja-Prado*, 333 F.3d 1046, 1049 (9th Cir. 2003).

24    5.    PC Collections has withdrawn its claim for Declaratory Relief against the United

25  States (and did so in the Pretrial Order which operates as the live pleading), the United States

26  withdrew all its tax claims based on a voluntary settlement, and the Court has dismissed these

27  claims. With no surviving federal claims, that matter should be remanded back to state court.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 145 S. Ct. 41 (2025) (withdrawal of

2   federal claim before trial destroys federal-question jurisdiction even though it previously had

3   supplemental jurisdiction); 28 U.S.C. § 1447(c) (remand required if at any time it appears the

4   federal court lacks subject-matter jurisdiction).

5          6.      In the pretrial conference, the Court noted that *Royal Canin U.S.A.* was decided

6   in the context of an amended pleading that withdrew the federal claims. The key language in

7   *Royal Canin* is the voluntary nature of the withdrawal that eliminates the federal controversy in

8   a way that can't be appealed. Jurisdiction under § 1367 disappears when the federal claims are

9   withdrawn and can't be appealed: "The leftover state claims, after all, are now the entirety of

10  the plaintiff's suit. Federal claims are not just subordinate, as in §§ 1367(c)(1) and (2), but gone.

11  And gone for good as well." *Royal Canin,* 604 U.S. at 33. This contrasts with when the federal

12  claims are dismissed by the court through, for example, a dispositive motion, which gives rise to

13  the possibility of revival through an appeal. *Id.* Stated another way: "Or more specifically: If a

14  plaintiff files suit in federal court based on federal claims and later scraps those claims, the

15  federal court cannot go forward with a now all-state-claim suit." *See id*. at 36. Here, all of the

16  federal-question-jurisdiction-supporting claims and federal parties that necessitated removal

17  have been withdrawn by a settlement, and there is no live federal controversy to support

18  supplemental jurisdiction.

19         7.      At least one district court in this circuit has applied the reasoning in *Royal Canin*

20  to a case in which federal question claims were settled. *See Rosario v. Natividad Med. Ctr.,* No.

21  24-CV-01598-SI, 2025 WL 926456, at *3 (N.D. Cal. Mar. 27, 2025) ("The circumstances here—

22  where plaintiff settled the federal question rather than amended it away—are very similar to

23  those in *Royal Canin*").

24         8.      Regardless of whether *Royal Canin* controls, under cases like *Mine*

25  *Workers* v. *Gibbs*, 383 U.S. 715 (1966) and *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343 (1988),

26  when the federal claims are dismissed before trial, and although the decision is otherwise

27  discretionary, absent some compelling reason, the remaining state law claims should be

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  remanded out of principles of comity and the limited role federal courts should play in resolving

2  exclusively state-law matters in a non-diversity case.

3          9.      Here, the parties stipulate that regardless of whether *Royal Canin* controls, the

4  remaining state law claims should be remanded.  *See* 28 U.S.C. § 1447(c).

5          RESPECTFULLY SUBMITTED AND DATED this 14th day of April, 2025.

6                                      TERRELL MARSHALL LAW GROUP PLLC

7                                      By: */s/ Adrienne D. McEntee*

8                                          Adrienne D. McEntee, WSBA No. 34061
                                           E-mail: amcentee@terrellmarshall.com

9                                          Toby J. Marshall, WSBA No. 32726
                                           E-mail: tmarshall@terrellmarshall.com

10                                         936 North 34th Street, Suite 300

11                                         Seattle, WA 98103
                                           Telephone:  (206) 816-6603

12

13                                     *Attorneys for Loren Cohen individually*

14                                     By: */s/ Jack B. Krona Jr*

15                                         Jack B. Krona Jr., WSBA No. 42484
                                           Email: j_krona@yahoo.com

16                                         5020 Main Street, Suite H
                                           Tacoma, WA 98407

17                                         Telephone: (253) 341-9331

18                                     *Attorney for Holland Cohen and Marital*
                                       *Community, in the underlying Case No. 23-2-07988-*

19                                     *0, and Attorney for Loren and Holland Cohen and*
                                       *Marital Community in the underlying Case No. 23-*

20                                     *2-09267-3*

21

22                                     KELLER ROHRBACK, LLP

23                                     By: */s/ Eric R. Laliberte*
                                           Eric R. Laliberte, WSBA #44840

24                                         Email: elaliberte@kellerrohrback.com
                                           Perry Maybrown, WSBA #61550

25                                         Email: pmaybrown@kellerrohrback.com

26                                         1201 3rd Ave., Ste. 3400
                                           Seattle, WA  98101-3052

27                                     *Attorneys for Amara Cohen and Susan Cohen*

STIPULATED MOTION AND ORDER FOR REMAND - 4
CASE NO. 3:23-cv-06142-TMC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## **ORDER**

2     The remaining state law claims in the suit, asserted by and between the Parties to this

3 stipulation, are remanded to Pierce County Superior Court. The Clerk is directed to take all

4 procedural steps necessary to effectuate the remand.

5     The Parties are hereby excused from all trial and pretrial dates.

6     IT IS SO ORDERED.

7

8     Dated this 14th day of April, 2025.

9

10     _____

11     THE HONORABLE TIFFANY M. CARTWRIGHT

    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

STIPULATED MOTION AND ORDER FOR REMAND - 5
CASE NO. 3:23-cv-06142-TMC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com